Kandis TAYLOR, Appellant,

v.

ST. LOUIS ARC, INC., and Division of Employment Security, Respondent.

No. ED 91977.

Missouri Court of Appeals,
Eastern District,
Division Two.

April 28, 2009.

Kandis Taylor, St. Louis, MO, for Appellant.

Shelly A. Kintzel, Jefferson City, MO, St. Louis Arc, Inc., St. Louis, MO, for Respondent.

## OPINION

GEORGE W. DRAPER III, Judge.

Kandis Taylor (hereinafter, "Claimant") appeals *pro se* from the decision of the Labor and Industrial Relations Commission (hereinafter, "the Commission"), denying her unemployment compensation benefits. Claimant raises one issue on

appeal, claiming the facts in her case do not support the Commission's conclusion and she could not file her appeal timely due to an ongoing investigation. We affirm.

On June 26, 2008, a deputy from the Division of Employment Security (hereinafter, "the Division") determined Claimant was disqualified from unemployment benefits because she was discharged by her employer for misconduct connected with work. The Division's determination included a paragraph regarding Claimant's appeal rights. This paragraph specifically informed Claimant that if she believes the Division's determination is incorrect, she must file an appeal no later than July 28, 2008. Claimant filed a late notice of appeal with the Appeals Tribunal on July 31, 2008.

On August 15, 2008, the Appeals Tribunal dismissed Claimant's appeal because it had not been filed within the thirty-day statutory limit. The decision further stated "the deputy's determination has become final" since the thirty-day limit had elapsed at the time the appeal was filed. Claimant then appealed the decision of the Appeals Tribunal to the Commission on August 18, 2008.

 This Court's review in unemployment compensation cases "is limited to deciding whether the Commission's decision is supported by competent substantial evidence and authorized by law." *Ewing v. SSM Health Care*, 265 S.W.3d 882, 886 (Mo.App. E.D.2008)(*quoting Cotton v. Flik Intern. Corp.*, 213 S.W.3d 189, 192 (Mo. App. E.D.2007)). "The findings of the [C]omission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the appellate court shall be confined to questions of law." Section 288.210 RSMo (2000).[1] This Court

"may only address the issues that were determined by the Commission and may not consider issues that were not before the Commission." *Chase v. Baumann Property Co.*, 169 S.W.3d 891, 892 (Mo. App. E.D.2005).

In her only point on appeal, Claimant alleges the Commission:

denied Claimant unemployment benefits that Claimant was entitled to because (A) the facts do not support Claimant exhibited any neglegent (*sic*) behavior at work place. (B) The facts do not support the alligations (*sic*) Claimant put clients in imminent danger to their health, safety, or welfare. (C) MO Division of Employment Security denied benefits on June 26, 2008 Claimant has the right to appeal by July 28, 2008. Appeal filed on July 29, 2008 due to the ongoing investagation (*sic*) being conducted by the Department of Mental Health; this resulted in the Claimant not having the neccassary (*sic*) information to properly file the appeal.

The issue before the Commission was the timeliness of Claimant's appeal of the Appeals Tribunal's determination. Accordingly, that is the only issue this Court may address.

 *Pro se* appellants and attorneys are held to the same procedural rules; *pro se* appellants do not receive preferential treatment regarding compliance with those rules. *Coyne v. Coyne*, 17 S.W.3d 904, 906 (Mo.App. E.D.2000). "The statutory procedures outlined for appeal in unemployment security cases are mandatory." *Perry v. Tiersma*, 148 S.W.3d 833, 835 (Mo. App. S.D.2004).

 A claimant or other interested party has thirty calendar days to appeal after receiving a notice of the determination from his or her claim for benefits, otherwise it shall be final. Section 288.070.4.

1. All further statutory references herein are to RSMo (2000) unless otherwise indicated.

This thirty-day period "may, for good cause, be extended." Section 288.070.8. Determination of good cause is addressed by the administrative agency, and "it depends on the evaluation of many subtle factors, and that determination is subject to judicial review only for abuse of discretion." *Todaro v. Labor and Indus. Com'n of Missouri*, 660 S.W.2d 763, 765 (Mo.App. E.D.1983)(*quoting Bishop v. Labor and Industrial Relations Comm.*, 567 S.W.2d 736, 740 (Mo.App.K.D.Dist.1978)).

■ Claimant's explanation for filing a late notice of appeal to the Appeals Tribunal was that she was waiting to receive "a final determination from [Employer]." Claimant stated she spoke to a representative of the Division on July 29, 2008, who explained to her she did not need "a final determination from [Employer]" before filing her appeal. While this statement explained Claimant's rationale for not filing within the thirty-day limit, it also demonstrated she never contacted anyone regarding her appeal until after the expiration of that thirty-day limit.

There is no discussion in Claimant's argument to this Court regarding how the Commission abused its discretion in dismissing her cause for failure to file her appeal within the mandatory timeframe and not extending the time period for good cause. This Court's sense of justice is not shocked by the dismissal of Claimant's cause as Claimant failed to contact anyone regarding questions concerning filing her appeal until after the expiration of the thirty-day limit. Point denied.

The decision of the Commission is affirmed.

ROY L. RICHTER, P.J., and LAWRENCE E. MOONEY, J., concur.