

# In the
# Missouri Court of Appeals
## Western District

| | | |
|---|---|---|
| EUGENE WESTBROOK, | ) | |
| | ) | |
| Appellant, | ) | WD77570 |
| | ) | |
| v. | ) | OPINION FILED: March 10, 2015 |
| | ) | |
| DIVISION OF EMPLOYMENT | ) | |
| SECURITY, | ) | |
| | ) | |
| Respondent. | ) | |

**Appeal from the Labor and Industrial Relations Commission**

Before Division Three: Victor C. Howard, Presiding Judge, James E. Welsh, Judge and
Gary D. Witt, Judge

Appellant Eugene Westbrook ("Westbrook") appeals from a denial of his claim for unemployment benefits. A Deputy with the Division of Employment Security ("Division"), following a hearing, determined that Westbrook was disqualified from receiving unemployment benefits because he was discharged for misconduct connected with his work. Westbrook appealed to the Appeals Tribunal, but his appeal was filed nine days past the statutory deadline. The Appeals Tribunal, following a hearing, decided that the Deputy's determination became final due to the untimeliness of the appeal to the Appeals Tribunal and lack of good cause for extending the appeal period. The Labor and

Industrial Relations Commission ("Commission") found the decision of the Appeals Tribunal to be fully supported by competent and substantial evidence on the whole record and affirmed and adopted the decision of the Appeals Tribunal as its own. We affirm the Commission's order.

## FACTUAL AND PROCEDURAL HISTORY

Westbrook worked for 63rd Street Foods, LLC, a grocery store, for approximately five years. Westbrook's tasks included stocking shelves and "anything else they asked me to do." On December 12, 2013, Westbrook went to retrieve shopping carts from the parking lot of the store. While Westbrook was outside, he "took a couple puffs" of a cigarette and scratched a lottery ticket. Westbrook estimated this took three to five minutes. As Westbrook was returning into the store, the owner came outside and asked Westbrook if he had been scratching lottery tickets outside. Westbrook responded that he had. The owner asked if he was on a break and Westbrook admitted that he was not. The owner terminated Westbrook's employment immediately.

Westbrook filed a claim for unemployment benefits. A Deputy with the Division issued its denial of Westbrook's claim finding that he was "discharge[d] for misconduct connected with work" on January 16, 2014. Printed on the bottom of the determination, was a notice which read: "If you believe this determination is incorrect, you may file an appeal not later than **02/18/14**. The appeal period may, for good cause, be extended." (Emphasis in original.) Westbrook read the determination and disagreed with its findings.

2

Westbrook visited the local unemployment office on February 27, 2014 and asked for assistance. An employee explained that Westbrook needed to file an appeal if he disagreed with the determination. Westbrook wrote an appeal and faxed it to the Division that same day.

The Appeals Tribunal held a telephone conference hearing with Westbrook on March 20, 2014 to hear testimony regarding the timeliness of Westbrook's appeal and the merits of his claim. Westbrook testified that he did not understand the appeals process and had "probably misread" the part explaining the deadline for an appeal of the Determination because he did not read or spell very well. The Appeals Tribunal issued its decision on March 27, 2014, declaring in pertinent part:

> Good cause shall be allowed only if there is a showing that the party acted in good faith and reasonably under all the circumstances. Here, the claimant received and read the determination, and although he further contends that he did not fully understand the determination, the determination states if you do not understand the determination to contact the office for assistance, but he failed to do so. The claimant also knew he disagreed with the determination when he read it, but yet, he chose to do nothing until after the appeals period had passed. Therefore, it cannot be concluded that the claimant has met his burden to show good cause, as he has not shown he acted reasonably under all the circumstances. Consequently, the Appeals Tribunal is without jurisdiction to address the merits of the Appeal.

Westbrook submitted an application for review of the decision to the Commission on April 2, 2014. The Commission's Order affirmed the decision of the Appeals Tribunal on May 5, 2014, finding that it was supported by competent and substantial evidence.

Westbrook timely filed an appeal to this court, alleging that the Commission erred in adopting the decision of the Appeals Tribunal because its conclusion that Westbrook

3

did not establish good cause for an extension of the deadline was not supported by competent and substantial evidence on the whole record.

## ANALYSIS

Westbrook raises two points on appeal: (1) that the Commission erroneously affirmed the Appeals Tribunal's decision that Westbrook failed to meet his burden to establish good cause for the late filing of his appeal because the decision was not supported by competent and substantial evidence on the whole record, and (2) that Missouri should liberally interpret the statutory meaning of "good cause" in favor of the discharged employee. For reasons explained herein, we affirm.

### Point I

In Point I, Westbrook argues that the Commission erred in affirming the Tribunal's decision that he did not have good cause for failing to meet the deadline for filing his appeal.

### Standard of Review

Review is governed by section 288.210,[1] which provides in pertinent part:

The findings of the commission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the appellate court shall be confined to questions of law. The court, on appeal, may modify, reverse, remand for rehearing, or set aside the decision of the commission on the following grounds and no other:

(1) That the commission acted without or in excess of its powers;

(2) That the award was procured by fraud;

---

[1]All statutory references are to RSMo (2000) as currently supplemented unless otherwise indicated.

4

(3) That the facts found by the commission do not support the award;

(4) That there was not sufficient competent evidence in the record to warrant the making of the award.

An examination of the entire record is required to determine if the award is contrary to the overwhelming weight of the evidence. *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 223 (Mo. banc 2003). "When, as here, the Commission adopts the decision of the Appeals Tribunal, we consider the Tribunal's decision to be the Commission's for purposes of our review." *Ashford v. Div. of Employment Sec.*, 355 S.W.3d 538, 541 (Mo. App. W.D. 2011). Although we review the record of unemployment cases objectively rather than in the light most favorable to the decision below, we still defer to the Commission for matters regarding witness credibility. *Lucido v. Div. of Employment Sec.,* 441 S.W.3d 172, 174 (Mo. App. W.D. 2014) (citation omitted).

## Discussion

Pursuant to Section 288.070.6, "[u]nless the claimant or any interested party within thirty calendar days after notice of such determination is either delivered in person or mailed to the last known address of such claimant or interested party files an appeal from such determination, it shall be final." The statute further provides, "the thirty-day period mentioned in subsection 6 of this section may, for good cause, be extended." § 288.070.10. There is no dispute that Westbrook filed his appeal past the statutorily mandated thirty-day period; therefore, we need only consider whether the Commission's

5

finding that Westbrook lacked good cause for missing that deadline was supported by substantial and competent evidence.

"[T]he legislature intended to leave the initial determination as to the existence of good cause with the administrative agency." *Todaro v. Labor and Indus. Comm'n of Mo.*, 660 S.W.2d 763, 765 (Mo. App. E.D. 1983). Good cause depends upon the evaluation of many subtle factors, and therefore is subject to judicial review only for abuse of discretion. *Id.* When contemplating good cause, "we are bound by the Commission's determination, absent an abuse of discretion, even though we might have reached a different decision had we considered the matter initially." *Id.*

"To establish 'good cause,' [Westbrook] must show that he acted in good faith 'and reasonably under all the circumstances.'" *Byers v. Human Resource Staffing, LLC*, 402 S.W.3d 605, 608 (Mo. App. E.D. 2013) (citing 8 CSR 10-5.010(2)(C)). Here, Westbrook testified that he received and read the letter. He further testified that he was able to read the determination and understand that he disagreed with its conclusions. He argues only that he failed to properly comprehend the notice of his rights to appeal. In support, the only evidence regarding good cause for the late filing was Westbrook's own testimony, and we defer to the Commission regarding witness credibility. *Lucido*, 441 S.W.3d at 174 (citation omitted). Although Westbrook broadly argues that it is "illogical" for the Appeals Tribunal to make assumptions based on "facts that are . . . not in the record," we find nothing in the decision that is illogical or based on facts absent from the record. Further, it was Westbrook who bore the burden of proof on this issue and who was responsible for making a record to support his position on this issue. As noted above,

6

even though Westbrook testified as to his limited reading skills, the Commission's order was based on Westbrook's failure to seek assistance even though he knew he disagreed with the determination. The record reflects that Westbrook waited more than five weeks after a Deputy with the Division denied Westbrook's claim before he went to the unemployment office to check his status, which was nine days past the deadline for filing his appeal. The totality of this evidence supports the Commission's order.

The Commission's order is consistent with a number of decisions. *See Todaro*, 660 S.W.2d 763 (holding that claimant did not establish good cause by showing he was unable to comprehend the determination); *Byers*, 402 S.W.3d 605 (holding that claimant did not establish good cause by showing he misplaced the document); *Taylor v. St. Louis Arc, Inc.,* 285 S.W.3d 775 (Mo. App. E.D. 2009) (holding that claimant did not establish good cause because she erroneously thought the determination was not final).

Because competent and substantial evidence supports the order, Westbrook's first point on appeal is denied.

**Point II**

In Point II, Westbrook argues that Missouri courts should interpret regulations regarding employment security more liberally to protect individuals from being arbitrarily denied benefits. As we have affirmed the Commission's order finding the appeal to be untimely, we decline to reach the merits of Westbrook's second point as it is not properly before us. Westbrook's second point is denied.

## CONCLUSION

Because we find the Commission's decision to be based on competent and substantial evidence, we affirm.

_____

Gary D. Witt, Judge

All concur

8