

# In the Missouri Court of Appeals
# Eastern District

DIVISION FOUR

| | | |
|---|---|---|
| MITA BISWAS, | ) | ED103350 |
| | ) | |
| Appellant, | ) | Appeal from the Labor and Industrial |
| | ) | Relations Commission |
| v. | ) | |
| | ) | |
| DIVISION OF EMPLOYMENT SECURITY, | ) | |
| | ) | Filed: April 26, 2016 |
| Respondent. | ) | |

Mita Biswas ("Claimant") appeals *pro se* from the Labor and Industrial Relations Commission's ("Commission") Order affirming the Division of Employment Security ("Division") Appeals Tribunal's dismissal of her application for review concerning her claim for unemployment benefits. We reverse and remand.

## I. BACKGROUND

The litigants' briefs inadequately present the facts leading to this appeal. Moreover, the record on appeal is wholly deficient. After a thorough review of the briefs, record on appeal, oral argument, and appendixes we convey those facts which have been capable of discovery.[1]

Commencing October 1, 2013, Claimant was employed by Sasak Corporation ("Employer") as an accounts administrator. On June 23, 2014, Employer terminated Claimant.

---

[1] Commission has filed a Motion to Dismiss Claimant's appeal for untimeliness. Without further elucidation, we deny Commission's Motion to Dismiss and proceed to the merits of Claimant's appeal.

On or about August 31, 2014, Claimant filed a claim for unemployment benefits with the Division of Employment Security.

Thereafter, on September 3, 2014, the Division of Employment Security mailed to Claimant its "NOTICE OF INITIAL DETERMINATION OF STATUS AS AN INSURED WORKER" ("Initial Determination"). Said Initial Determination read, in operable part, as follows:

YOU ARE AN INSURED WORKER. YOUR WEEKLY BENEFIT AMOUNT IS . . . . . . . . . $237.00
YOUR MAXIMUM BENEFIT AMOUNT IS . . . . . . $3958.33

Your unemployment claim is computed on wages paid from 04/01/13 through 03/31/14. Our record of wages is as follows:

| Employer's Number | Employer's Name | Qtr | Year | Wages |
|---|---|---|---|---|
| [Redacted] | Sasak Corporation | 4 | 13 | 6000.00 |
| [Redacted] | Sasak Corporation | 1 | 14 | 5875.00 |

IMPORTANT – Being an insured worker does not guarantee payment of unemployment insurance (UI) benefits. Payment of UI benefits is subject to meeting all eligibility requirements. Review this notice carefully to ensure that your address, Social Security Number, and the Division of Employment Security's (DES) record of wages are correct. If there is an error or omission, follow the instructions on the reverse side for filing an appeal. . . .

***

APPEAL RIGHTS – This determination will be final unless an appeal is filed by 10 03 14[.] An appeal must be in writing and may be filed by you or your authorized agent. The appeal must be mailed to: Appeals Section, P.O. Box 59, Jefferson City, MO 65104 or faxed to 573-751-1321. For more information on appeal rights, visit www.labor.mo.gov/DES/Appeals/how_to_file_appeal.asp.

On September 22, 2014, a "Determination Concerning Claim for Benefits", as concluded by a Deputy of the Division of Employment Security,[2] was mailed to Claimant ("Misconduct Determination"); the Deputy found that Claimant had been discharged for "misconduct" and was barred from collecting unemployment benefits. Subsequently, on September 24, 2014, Claimant appealed this Misconduct Determination. On November 07, 2014, the Division of Employment Security Appeals Tribunal issued a Decision affirming the Misconduct Determination. Claimant timely appealed and, finally, on March 10, 2015, the Commission reversed the Misconduct Determination, finding that Claimant was not discharged for misconduct and that Claimant was entitled to the receipt of unemployment benefits.

On March 12, 2015, the Division of Employment Security paid to Claimant the sum of $3,958.33, Claimant's maximum benefit amount as set forth in the Initial Determination (again, which was mailed on September 3, 2014). On April 7, 2015, Claimant filed her notice of appeal with the Division of Employment Security Appeals Tribunal, contesting her weekly and maximum benefit amounts. The Appeals Tribunal dismissed Claimant's appeal, finding, in relevant part, as follows:

> This Division's records, which were reviewed by the Appeals Tribunal, show that the deputy's determination was mailed to appellant on September 3, 2104 [sic], and that the appeal was filed on April 7, 2015.

> The Missouri Employment Security Law provides that unless the claimant or any interested party within thirty calendar days after the mailing of the deputy's determination files an appeal from such determination, it shall be final. There is no provision for extending the period for filing an appeal except when the thirtieth day falls upon a Saturday, Sunday or a legal holiday, or for good cause shown.

> Since the appeal was not filed within the thirty-day statutory time period, the deputy's determination has become final.

---

[2] Missouri Employment Security Law, Section 288.010, *et seq.*, defines "deputy" as "a representative of the division designated to make investigations and administrative determinations on claims or matters of employer liability or to perform related work[.]" Section 288.030.1(11).

Thereafter, Claimant sought a timely appeal to the Commission regarding the Order of the Appeals Tribunal. In seeking redress from the Commission, Claimant averred that the initial denial of her unemployment claims and her "ongoing battle" against her former employer caused her to "not notice carefully either the amount the employer had stated nor the 30-day statutory time period." In disposing of Claimant's appeal, the Commission affirmed the Order of the Appeals Tribunal, finding:

> Claimant's allegations, if true, will not support a finding that good cause exists to extend the time for filing the appeal. As such, claimant has not made a prima facie showing that claimant is entitled to relief. No purpose would be served by remanding to determine the truth or falsity of the allegations. See Ross v. Safeway Stores, Inc., 738 S.W.2d 611, 616 (Mo. App. 1987).

This appeal now follows.

## II. DISCUSSION

While Claimant initially sets forth five points on appeal, the crux of this appeal centers upon whether the Commission erroneously affirmed the Appeals Tribunal's decision that Claimant failed to meet her burden to establish good cause for the late filing of her appeal regarding Claimant's weekly and maximum benefit amounts. Claimant argues that the decision was not supported by competent and substantial evidence on the whole record. We agree.

### *Standard of Review*

This Court reviews the decision of the Commission pursuant to the standard set forth in Section 288.210.[3] Turner v. Div. of Emp't Sec., 392 S.W.3d 525, 527 (Mo. App. E.D. 2013); see also Section 288.210. Upon review, an appellate court may modify, reverse, remand for rehearing, or set aside the decision of the Commission upon the following grounds and no other:

(1) That the Commission acted without or in excess of its powers;
(2) That the decision was procured by fraud;
(3) That the facts found by the Commission do not support the decision; or

---

[3] Unless otherwise indicated, all statutory references are to RSMo Cum. Supp. 2012.

4

(4) That there was no sufficient competent evidence in the record to warrant the decision.

See Section 288.210; see also Martin v. Div. of Emp't Sec., 384 S.W.3d 378, 381 (Mo. App. E.D. 2012). As required by the Missouri Constitution, this Court reviews the entire record to ascertain whether the Commission's decision is supported by competent and substantial evidence. See Mo. Const., art. 5, section 18; see also Fendler v. Hudson Servs., 370 S.W.3d 585, 588 (Mo. banc 2012).

While this Court defers to the Commission on issues of fact—so long as they are supported by competent and substantial evidence—we owe no deference to the Commission's conclusions of law or application of the law to the facts, and review such issues *de novo*. Welsh v. Mentor Mgmt., Inc., 357 S.W.3d 277, 280 (Mo. App. E.D. 2012).

### *Analysis*

The sole issue before this Court is the Commission's propriety in affirming the Appeals Tribunal's dismissal of Claimant's application for review regarding her weekly and maximum unemployment benefit amounts.

Pursuant to Section 288.070.6, upon the determination of the Division of Employment Security, an interested party has thirty days to seek redress of said determination by filing an appeal. See Section 288.070.6; Taylor v. St. Louis Arc, Inc., 285 S.W.3d 775, 776 (Mo. App. E.D. 2009) ("A claimant or other interested party has thirty calendar days to appeal after receiving a notice of the determination from his or her claim for benefits, otherwise it shall be final."); see also 8 C.S.R. 10-5.010(5)(A) ("An appeal to a determination or redetermination under section 288.070.6, RSMo, shall be filed within thirty- (30-) calendar days of the date the determination or redetermination was delivered in person or mailed to the appellant's last known address."). However, this thirty-day period may be extended for "good cause." See Section

5

288.070.10. As promulgated by the administrative agency, an evaluation and determination of "good cause" are dependent upon "those circumstances in which the party acted in good faith and reasonably under all the circumstances." 8 C.S.R. 10-5.010(2)(C).

"The legislature intended to leave the initial determination as to the existence of good cause with the administrative agency." Westbrook v. Div. of Emp't Sec., 456 S.W.3d 116, 119 (Mo. App. W.D. 2015) (citations omitted). Determination of "good cause" depends upon the evaluation of many subtle factors. Id. This Court reviews a determination of "good cause" for abuse of discretion, and, as such "we are bound by the Commission's determination, absent an abuse of discretion, even though we might have reached a different decision had we considered the matter initially." Id. (citations omitted).

Here, there is no dispute that the Initial Determination was mailed on September 3, 2014. Incorporated into that Initial Determination was Claimant's weekly and maximum benefit amounts, as well as the succeeding language:

> APPEAL RIGHTS – This determination will be final unless an appeal is filed by 10 03 14[.] An appeal must be in writing and may be filed by you or your authorized agent. The appeal must be mailed to: Appeals Section, P.O. Box 59, Jefferson City, MO 65104 or faxed to 573-751-1321. For more information on appeal rights, visit www.labor.mo.gov/DES/Appeals/how_to_file_appeal.asp.

Despite this unequivocal language, Claimant did not file her Notice of Appeal until April 07, 2015—that fact is also undisputed. As a result of Claimant's 186 day tardiness, Claimant sought review of the Initial Determination by the Appeals Tribunal on the basis of "good cause." In support thereof, Claimant maintained that she "was unaware of any/all rules and regulations pertaining to UI [unemployment insurance] benefits[.]"

The Appeals Tribunal, on appeal, dismissed Claimant's appeal, finding, in relevant part, as follows:

> This Division's records, which were reviewed by the Appeals Tribunal, show that the deputy's determination was mailed to appellant on September 3, 2104 [sic], and that the appeal was filed on April 7, 2015.
>
> The Missouri Employment Security Law provides that unless the claimant or any interested party within thirty calendar days after the mailing of the deputy's determination files an appeal from such determination, it shall be final. There is no provision for extending the period for filing an appeal except when the thirtieth day falls upon a Saturday, Sunday or a legal holiday, or for good cause shown.
>
> Since the appeal was not filed within the thirty-day statutory time period, the deputy's determination has become final.

Thereafter, Claimant sought a timely appeal to the Commission regarding the Order of the Appeals Tribunal. In seeking redress from the Commission, Claimant averred that the initial denial of her unemployment claims and her "ongoing battle" against her former employer caused her to "not notice carefully either the amount the employer had stated nor the 30-day statutory time period." In disposing of Claimant's appeal, the Commission affirmed the Order of the Appeals Tribunal, finding:

> Claimant's allegations, if true, will not support a finding that good cause exists to extend the time for filing the appeal. As such, claimant has not made a prima facie showing that claimant is entitled to relief. No purpose would be served by remanding to determine the truth or falsity of the allegations. See Ross v. Safeway Stores, Inc., 738 S.W.2d 611, 616 (Mo. App. 1987).

On appeal to this Court, Claimant renews those same explanations and pleas as were lodged by Claimant throughout the administrative proceedings below: ostensibly, Claimant believed her already "ongoing battle" and administrative-level-appeal regarding the Misconduct Determination encompassed or tolled any issues Claimant may maintain as against the Initial Determination, delineating Claimant's weekly and maximum benefit amounts. In effect, Claimant's argument is premised upon the fact that she was already engaged with the administrative agency, as demonstrated by her Misconduct Determination appeal. Why would Claimant be required to file two separate administrative appeals for the same matter? Moreover,

7

why would Claimant need to appeal the amount of her benefits (i.e., the Initial Determination) before it was determined that she was, indeed, entitled to unemployment benefits (i.e., Misconduct Determination)?

In the case in bar, it cannot be disputed that Claimant missed the statutorily mandated time period applicable for appeals by 186 days. Nevertheless, we find the Commission abused its discretion in dismissing her cause for failure to file her appeal within the mandatory timeframe and not extending the time period for good cause.

First, it is evident that the administrative agency has created an unnecessarily complicated system. We fail to comprehend the need for two separate "determinations" by the administrative agency, and, further, fail to grasp the logic of determining the weekly and maximum benefit amounts before determining whether a claimant is indeed eligible for unemployment benefits. Certainly, it is not difficult to imagine the confusion this can generate. Nevertheless, in an already complicated administrative construct, Claimant, at least, timely pursued a review of the Misconduct Determination, indicating good faith and a lack of apathy.

Second, when questioned at oral argument, even the Division was unable to pinpoint the date as to when Claimant should have known the amount of her weekly and maximum benefits. To reiterate, the Division of Employment Security paid to Claimant the sum of $3,958.33, Claimant's maximum benefit amount as set forth in the Initial Determination, on March 12, 2015—more than 6 months after the Initial Determination. If Claimant began receiving her weekly benefits shortly after receipt of the Initial Determination, it is likely she would have timely appealed. However, for Claimant's weekly benefits to have begun around the time of the Initial Determination, the resolution of the Misconduct Determination was necessary. As a result, this incongruous procedure devised by the Division of Employment Security is sufficient

8

for a finding of "good cause" under Section 288.070.10. Accordingly, this Court hesitates in finding Claimant did not act "reasonably" under the circumstances.

Finally, our disposition is buttressed by the Division's own assertions (or lack thereof) at oral argument. First, the Division suggested that a claimant may only become aware of his or her weekly dollar amount upon the claimant's receipt of his or her first week's benefit. Second, when posed with the question as to whether Claimant's 30 days to appeal the Initial Determination was renewed after the Commission's March 10, 2015 Misconduct Order (wherein, Claimant was deemed entitled to unemployment benefits), the Division revealed that was a very "interesting" question, yet failed to otherwise respond. Such replies are indicative, we believe, of the inability of the Division, itself, to contest Claimant's good faith and reasonableness under the circumstances.

The Commission abused its discretion in dismissing Claimant's untimely appeal because "good cause" clearly existed, especially given the administrative agency's own confusion regarding their process.

### III. CONCLUSION

For the foregoing reasons, the Order of the Commission is reversed and the cause remanded to the Commission for further proceedings.

_____
Lisa P. Page, Judge

Sherri B. Sullivan, P.J. and
Kurt S. Odenwald, J., concur.

9