

# Missouri Court of Appeals
## Southern District

### In Division

CATISHA HARDEN,                        )
                                       )
    Claimant-Appellant,        )
                                       )
vs.                                    )        No. SD37435
                                       )
DIVISION OF EMPLOYMENT                 )        **Filed:  December 2, 2022**
SECURITY,                              )
                                       )
    Respondent-Respondent.     )

APPEAL FROM THE LABOR AND INDUSTRIAL RELATIONS COMMISSION

**<u>AFFIRMED</u>**

Catisha Harden ("Claimant") appeals from the order of the Labor and Industrial Relations Commission ("the Commission") affirming an Appeals Tribunal's decision that Claimant did not timely appeal the Missouri Division of Employment Security (the "Division") deputy's February 4, 2021 determination denying unemployment benefits. The issue before the Appeals Tribunal was whether good cause existed for Claimant to file a late appeal. It determined Claimant did not demonstrate good cause to extend the statutory time limit for filing an appeal of the deputy's determination. The Commission's order affirmed the Appeals Tribunal's decision and adopted that decision as its own. The

deputy's February 4, 2021 determination denying benefits then became final.[1] Claimant contends the Commission abused its discretion in ruling that Claimant's appeal was untimely "because such ruling was contrary to 8 CSR 10–5.010(2)(C) in that Claimant acted in good faith and reasonably under all the circumstances when she failed to timely appeal the February 4, 2021[ ] deputy determination[.]"[2] We disagree and affirm the Commission's decision.

## FACTUAL AND PROCEDURAL BACKGROUND

Claimant began working as a nursing aide for Steele #1, Inc. ("Employer") on December 29, 2019. At the time Claimant was hired, Employer told Claimant she would be working towards becoming a certified nursing aide ("CNA"). Employer provided the required certification classes, but those classes ceased due to the COVID-19 pandemic. Claimant was unable to obtain her certification and was discharged by Employer on April 17, 2020, because "her 'floor hours' were up as a nursing aide."

### Initial Claim

Claimant filed her initial claim for unemployment benefits on April 19, 2020, and began receiving a weekly benefit. On October 28, 2020, a Division deputy determined Claimant was disqualified because she left work voluntarily without good cause attributable to the work or Employer. Claimant appealed the deputy's determination on November 3, 2020. A hearing was held on February 25, 2021, before the Appeals Tribunal regarding the circumstances surrounding Claimant's separation from Employer.

---

[1] Originally, Claimant filed her case with the Missouri Court of Appeals in the Eastern District, but the Eastern District found that Claimant resided in Pemiscot County, a county located within the geographic territory of the Southern District, and properly transferred the case here.

[2] All regulatory citations are to Missouri Code of State Regulations (2019).

The Appeals Tribunal reversed the deputy's determination on March 5, 2021, and found that Claimant "was discharged on April 17, 2020, but not for misconduct connected with work[,]" and determined, "[t]he claimant is not disqualified for benefits by reason of the claimant's discharge from work on April 17, 2020."

*Weekly Claims for Payment*

Claimant also filed weekly claims for payment. Claimant indicated she was discharged from employment the week beginning October 4, 2020, and ending October 10, 2020. A "Pending Issue Questionnaire" ("Questionnaire") regarding Employment Separation Information was mailed to Claimant on October 14, 2020. Claimant also received the Questionnaire through her UInteract account.[3] Claimant was notified she had seven days to respond to the document via mail, fax, or online using her UInteract account.

Claimant did not respond to the Questionnaire. On February 4, 2021, a Division deputy issued a determination that Claimant was "ineligible from 10/04/2020 to 09/09/9999 because the claimant has not met the registration and/or reporting requirements." The second determination further provided that "[t]he **claimant did not provide additional information** when given the opportunity regarding his or her answer(s) to a question(s) on the **weekly claim for benefits**." (Emphasis added.) Claimant was notified in the February 4, 2021 determination that she had a right to appeal that determination no later than March 8, 2021. Claimant testified that she received that determination in February of 2021.

---

[3] UInteract is the Division's online website where individual claimants have their own accounts.

On March 30, 2021, more than three weeks after the March 8, 2021 deadline, Claimant called the Division and was informed that she needed to file a separate appeal with respect to the February 4, 2021 determination. The Division representative told Claimant to file the appeal even though the deadline had passed. Claimant filed her appeal to the February 4, 2021 determination that same day.

On August 2, 2021, a telephone hearing was held before the Appeals Tribunal to determine whether good cause existed for Claimant to file a late appeal. Claimant testified that she received the February 2021 determination but did not know she had to file another appeal. On October 19, 2021, the Appeals Tribunal decided:

> The claimant did not demonstrate good cause to extend the statutory time limit to file an appeal. The claimant did not file[] a timely appeal because she believed that her previous appeal served as an appeal to the matter at issue. However, that previous appeal was filed four[4] months prior to the determination at issue. It is not reasonable to assume that [appeal] could be filed four months prior to the determination, or that any appeal filed would serve as an appeal to any possible issues that might arise in the future. The claimant did not demonstrate good cause under the circumstances.

The Appeals Tribunal determined that Claimant did not demonstrate good cause to extend the time limit for filing her appeal. Claimant appealed to the Commission. The Commission adopted the Appeals Tribunal's decision as its own on December 23, 2021, and found "the Appeals Tribunal should be affirmed, because it is fully supported by the competent and substantial evidence on the whole record[.]"[5] This appeal followed.

---

[4] We note that Claimant's initial appeal was filed on November 3, 2020, which was approximately three months before the February 4, 2021 determination.

[5] Two of the Commissioners affirmed the decision, and one Commissioner filed a separate dissent. The dissenting opinion stated:

> The record shows the claimant had more than one issue for which she had to file an appeal. The claimant failed to file a timely appeal because she was reasonably confused about the need to appeal each separate issue. The claimant mistakenly

4

**STANDARD OF REVIEW**

This Court reviews the Commission's decisions pursuant to section 288.210,[6] which provides, in pertinent part:

> The findings of the commission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the appellate court shall be confined to questions of law. The court, on appeal, may modify, reverse, remand for rehearing, or set aside the decision of the commission on the following grounds and no other:
>
> (1) That the commission acted without or in excess of its powers;
>
> (2) That the decision was procured by fraud;
>
> (3) That the facts found by the commission do not support the award;
>
> (4) That there was no sufficient competent evidence in the record to warrant the making of the award. . . .

We consider the Appeals Tribunal's decision to be the Commission's for purposes of our review when, as here, the Commission adopts the decision of the Appeals Tribunal. *Westbrook v. Div. of Employment Sec.*, 456 S.W.3d 116, 118-19 (Mo. App. W.D. 2015). "Although we review the record of unemployment cases objectively rather than in the light most favorable to the decision below, we still defer to the Commission for matters regarding witness credibility." *Id.* at 119.

**DISCUSSION**

Claimant contends that the Commission erred in affirming the Appeals Tribunal's decision that she failed to timely appeal the deputy's determination dated February 4,

---

thought she had appealed all issues. The claimant's reasonable belief establishes good cause under common law so I vote to reverse the Appeals Tribunal and move on to the merits. Because the majority has voted otherwise, I respectfully dissent.

[6] All statutory references are to RSMo 2016, unless otherwise indicated.

2021, without good cause in that Claimant acted in good faith and reasonably under all the circumstances "after receiving the March 5, 2021, favorable decision from the Appeals Tribunal stating, 'The deputy's determination is reversed.'" We do not agree with Claimant's contention.

"The statutory procedures outlined for appeal in unemployment security cases are mandatory." *Perry v. Tiersma*, 148 S.W.3d 833, 835 (Mo. App. S.D. 2004). A determination shall be final "[u]nless the claimant or any interested party within thirty calendar days after notice of such determination is either delivered in person or mailed to the last known address of such claimant or interested party files an appeal[.]" Section 288.070.6. The 30-day window shall be extended "for good cause[.]" Section 288.070.10. Claimant must show that she acted in "good faith" and "reasonably under all the circumstances" to establish good cause. 8 CSR 10-5.010(2)(C). There is no dispute that Claimant failed to timely file her appeal and filed it 22 days past the 30-day period. Therefore, we need only consider whether the Commission's finding that Claimant lacked good cause for missing that deadline was supported by substantial and competent evidence.

The initial determination as to the existence of good cause was intended by the legislature to be left with the administrative agency. *Todaro v. Labor and Indus. Relations Comm'n of Mo.*, 660 S.W.2d 763, 765 (Mo. App. E.D. 1983). Good cause is subject to judicial review only for abuse of discretion because it depends on the evaluation of many subtle factors. *Westbrook*, 456 S.W.3d at 119. Even though we might have reached a different decision had we considered the matter initially, we are bound by the Commission's decision when contemplating good cause, absent abuse of

6

discretion.  *Id.*  "An abuse of discretion occurs only when the outcome is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *Byers v. Human Res. Staffing, LLC*, 402 S.W.3d 605, 607 (Mo. App. E.D. 2013).  There is no abuse of discretion when reasonable minds could differ as to the final decision of the Commission.  *Id.* at 608.

A claimant must show that she acted in good faith and reasonably under the circumstances to show good cause.  *Id.*  Claimant argues she was confused by the two separate determinations – the first being the October 28, 2020 determination that she was "disqualified from 4/19/2020 because [she] left work with the above employer voluntarily without good cause attributable to the work or employer on 04/17/2020[,]" and the second being the February 4, 2021 determination that she was "ineligible from 10/04/2020 to 09/09/9999 because [she] has not met the registration and/or reporting requirements."  Claimant asserted she did not file a timely appeal because she believed her previous appeal encompassed the appeal of the later determination filed three months later.  Claimant testified as to her confusion regarding the March 5, 2021 Appeals Tribunal's decision and the February 4, 2021 deputy's determination, and argued it was "entirely reasonable for Claimant to believe the March 5, 2021 Appeals Tribunal decision superseded the February 4, 2021 deputy determination."  She argues it was reasonable for her to believe that the Appeals Tribunal hearing on February 25, 2021, and subsequent decision issued on March 5, 2021, stating "The deputy's determination is reversed[,]"

7

encompassed all prior determinations made by the Division. We find Claimant's

arguments are not supported by the facts or case law.[7]

---

[7] Claimant cites to **Biswas v. Div. of Employment Sec.**, 496 S.W.3d 587 (Mo. App. E.D. 2016), a
case she purports to be factually similar, where the court reversed the trial court and found good
cause for missing the appeal deadline clearly existed. However, the facts in **Biswas** are readily
distinguishable from the facts in this case. In **Biswas**, the Division also sent two separate
determinations. **Id.** at 588-89. That is where the similarities end. The first determination was
sent on September 3, 2014, and stated the claimant's maximum benefit amount. **Id.** at 588. She
did not timely appeal that determination. **Id.** at 591. The second Division deputy determination
was sent September 22, 2014, and concluded the claimant was discharged for misconduct and
was barred from collecting unemployment benefits. **Id.** at 589. The claimant appealed the
misconduct determination. **Id.** The Commission subsequently reversed that decision and found
the claimant eligible for benefits. **Id.** On March 12, 2015, the Division paid the claimant
$3,958.33. **Id.** On April 7, 2015, the claimant filed her appeal with the Appeals Tribunal
contesting the maximum benefit amount. **Id.** The Appeals Tribunal dismissed the appeal because
it was not filed within 30 days of the maximum benefit determination and the Commission
affirmed. **Id.** The Eastern District reversed finding that good cause for the late filing clearly
existed. **Id.** at 592. The claimant had argued that her appeal of the second determination, the
misconduct determination, encompassed or tolled any issues relating to maximum benefit
amount. **Id.** at 591-92. While the court "fail[ed] to comprehend the need for two separate
'determinations' by the administrative agency," it also "fail[ed] to grasp the logic of determining
the weekly and maximum benefit amounts before determining whether a claimant is indeed
eligible for unemployment benefits." **Id.** at 592. The claimant there appealed the second
determination regarding her eligibility for benefits, and it was reasonable for her to believe the
second determination as to eligibility to receive any benefit would encompass the prior
determination of the amount. **Id.**

Here, Claimant argued she believed her first appeal she filed on the eligibility
determination encompassed the later determination that had not yet been made, and in fact, was
sent three months after her first appeal was filed. The factual analysis the court used in **Biswas** is
inapposite to our factual analysis here on this separate and distinct factual pattern.

8

The two determinations Claimant received were sent over three months apart, the first dated October 28, 2021, and the second dated February 4, 2021. Each determination involved different and distinct issues, the first involving Claimant's separation from employment and the second regarding her weekly claim for benefits and failure to respond to the Questionnaire that sought clarification on an answer she had previously given. Both determinations had notices regarding the appeal deadlines. The initial "Deputy's Determination Concerning Claim for Benefits" dated October 28, 2021, included a law statement that provided, in pertinent part, "Section 288.050, RSMo, as amended, provides for disqualification if the claimant voluntarily quit without good cause attributable to the work or employer, even though the claimant may have good personal reason for leaving[,]" and a determination paragraph that stated Claimant was "***disqualified from 04/19/2020 because the claimant left work with the above employer voluntarily without good cause attributable to the work or employer*** on 04/17/2020." (Emphasis added.) It also included a paragraph regarding Claimant's appeal rights which stated, "[i]f you believe ***this determination*** is incorrect, you may file an appeal not later than 11-27-2020." (Emphasis added.) Obviously, Claimant read and understood the determination, including the paragraph regarding her appeal rights, because she filed her appeal on November 3, 2020.

The second "Deputy's Determination Concerning Claim for Benefits" was sent on February 4, 2021, and clearly involved Claimant's weekly benefits. It stated, "Sections 288.030, 288.040 and 288.070, RSMo, as amended, and the Code of State Regulations 8 CSR 10-3.010, prescribe registration and reporting requirements as condition precedent

9

to claiming benefits for total unemployment[.]"[8]  It further stated Claimant was

"*ineligible from 10/04/2020 to 09/09/9999 because the claimant has not met the*

*registration and/or reporting requirements*." (Emphasis added.)  The determination also

notified Claimant "[i]f you believe this determination is incorrect, you may file an appeal

not later than March 8, 2021."  Additionally, there was an **IMPORTANT** notation added

at the bottom of both determinations stating "*If needed call . . . for assistance in the*

*translation and understanding of the information in this document*."

The Commission found Claimant "did not file an appeal within the statutory time

limit[,]" and that:

> The claimant did not file[] a timely appeal because she believed that her
> previous appeal served as an appeal to the matter at issue. However, that
> previous appeal was filed four months prior to the determination at issue. It
> is not reasonable to assume that [appeal] could be filed four months prior to
> the determination, or that any appeal filed would serve as an appeal to any
> possible issues that might arise in the future.

The Commission clearly did not believe Claimant could reasonably assume that a prior

appeal encompassed a subsequent determination.  The only evidence regarding good

cause for the late filing was Claimant's own testimony, and we defer to the Commission

regarding witness credibility.  *Westbrook*, 456 S.W.3d at 119.  The totality of the

evidence presented supports the Commission's order.

The Commission's order is also consistent with Missouri case law.  *See **id.***

(holding that claimant did not establish good cause where claimant argued that he failed

to properly comprehend the notice of his rights to appeal, and waited more than five

weeks after the determination denying his claim before he contacted the Division which

was nine days after his appeal deadline); ***Taylor v. St. Louis Arc, Inc.***, 285 S.W.3d 775,

---

[8] All statutory references to section 288.040 are to RSMo, Cum. Supp. 2019.

777 (Mo. App. E.D. 2009) (holding that claimant failed to establish good cause because she erroneously thought the determination was not final); *Todaro*, 660 S.W.2d at 763 (holding that claimant failed to establish good cause because claimant thought the decision was incomprehensible). We conclude, therefore, that the Commission did not abuse its discretion in finding Claimant did not demonstrate good cause to extend her time limit to file her appeal and that finding was supported by substantial and competent evidence. Claimant's only point on appeal is denied.

The Commission's decision is affirmed.

JENNIFER R. GROWCOCK, J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCURS

MARY W. SHEFFIELD, J. – CONCURS