

# In the Missouri Court of Appeals
## Eastern District

### DIVISION ONE

| | | |
|---|---|---|
| SMAILA MUJAKIC, | ) | No. ED110805 |
| | ) | |
| Appellant, | ) | |
| | ) | Appeal from the Labor and |
| vs. | ) | Industrial Relations Commission |
| | ) | |
| DIVISION OF EMPLOYMENT SECURITY, | ) | |
| | ) | |
| Respondent. | ) | FILED: March 21, 2023 |

### Introduction

Smaila Mujakic (Claimant) appeals from the decision of the Labor and Industrial

Relations Commission (the Commission) adopting and affirming the decision of the Appeals

Tribunal, which concluded Claimant failed to show good cause to excuse her untimely appeal

from a determination that she was overpaid unemployment benefits. We affirm.

### Factual and Procedural Background[1]

In July 2020, the Division of Employment Security (the Division) determined that

Claimant was overpaid $4,800 in Federal Pandemic Unemployment Compensation benefits

because she received benefits during a period of disqualification from late April to early June

2020.[2] The Division concluded that Claimant was "overpaid unemployment benefits by reason

---

[1] We convey those facts that we have been capable of discovering. See Biswas v. Div. of Emp. Sec., 496 S.W.3d 587, 588 (Mo. App. E.D. 2016).

[2] The record on appeal includes information relating to two overpayment determination appeals: appeal number 2156046 from an overpayment determination of $4,800; and appeal number 2156043 from an overpayment

of agency error, omission, or lack of knowledge of material fact" and that "this overpayment [wa]s the result of agency error." The Division mailed Claimant notice of this determination on July 14, 2020. The notice informed Claimant that she could appeal the determination no later than August 13, 2020.

On the same date as the Division mailed the overpayment determination, the Division also mailed Claimant the initial determination that she was disqualified for unemployment benefits. Claimant states this disqualification determination was based on mistake by the Division as to Claimant's employer and, as soon as Claimant received the determination, she contacted the Division to rectify this error. The record shows Claimant was mailed a new determination on July 17, 2020, which stated she was eligible for unemployment benefits because she "met the registration and/or reporting requirements," based on providing "corrected information on his/her employment status."[3]

On October 16, 2020—64 days after the deadline for filing her appeal—Claimant appealed the July 14 overpayment determination. The Appeals Tribunal held a hearing on this appeal, at which Claimant testified.[4]  The Appeals Tribunal issued a decision that Claimant's

---

determination of $2,048. Both overpayment determinations appear to have been mailed to Claimant on or around July 14, 2020, and the rescheduled appeals hearings for both appeals were combined on November 16. Only the $4,800 overpayment determination (appeal number 2156046), however, appears to have been appealed and is properly before this Court.

[3] From what we can discern from the record on appeal and the facts included in Claimant's appellate brief, the Division mistakenly believed she was ineligible for unemployment benefits because she voluntarily quit her job at Macy's without good cause. Although Claimant did quit her job at Macy's in February 2020, she began employment with a different employer—Bluemercury—on March 17, 2020, and was furloughed due to the COVID-19 pandemic on March 18, 2020.  The July 14 determination that stated Claimant was ineligible for benefits listed Macy's as her employer; the July 17 determination finding her eligible listed Bluemercury as her employer.  Claimant returned to work at Bluemercury in mid-June of 2020.  The period of overpayment at issue were the weeks of April 25, 2020, to June 13, 2020, which were the only weeks that Claimant received unemployment benefits.

[4] A previous telephone hearing had been scheduled in this matter, but Claimant failed to appear for that hearing and her appeal was dismissed. See Hubbard v. Schaefer Autobody Ctrs., Inc., 561 S.W.3d 458, 462 (Mo. App. E.D. 2018) ("[T]he Appeals Tribunal may enter an order dismissing an appeal 'in any case wherein the appellant, after having been duly notified of the date, time, and place of the hearing, shall fail to appear at such hearing.'") (quoting section 288.190.3).  Claimant filed a timely request for reconsideration of the dismissal, and the Appeals

appeal was untimely without good cause, rendering the Division's overpayment determination final. The Appeals Tribunal found there was no good cause to excuse Claimant's untimely appeal of the overpayment determination given that "[C]laimant admittedly received the overpayment determination sometime within July 2020, but she provided no credible explanation for waiting until October 16, 2020, to file the appeal," and thus Claimant had not met her "burden to show she acted reasonably under all the circumstances." Claimant timely submitted her application for review of that decision with the Commission, which unanimously affirmed and adopted the decision of the Appeals Tribunal. This appeal follows.

Standard of Review

This Court reviews the Commission's decision in employment security matters to determine whether it is "authorized by law" and "supported by competent and substantial evidence upon the whole record." Mo. Const. art. V, section 18; see also Biswas v. Div. of Emp. Sec., 496 S.W.3d 587, 590 (Mo. App. E.D. 2016) (citing Fendler v. Hudson Servs., 370 S.W.3d 585, 588 (Mo. banc 2012)). Pursuant to this limited authority, we:

> may modify, reverse, remand for rehearing, or set aside the decision of the commission on the following grounds and no other:
> (1) That the commission acted without or in excess of its powers;
> (2) That the decision was procured by fraud;
> (3) That the facts found by the commission do not support the award; or
> (4) That there was no sufficient competent evidence in the record to warrant the making of the award.

Section 288.210;[5] see also Biswas, 496 S.W.3d at 590 (citing Martin v. Div. of Emp. Sec., 384 S.W.3d 378, 381 (Mo. App. E.D. 2012)). "While this Court defers to the Commission on issues

Tribunal set aside its previous dismissal and scheduled a new hearing. The Appeals Tribunal ultimately found Claimant had good cause for failing to appear for the original hearing given that "[C]laimant did not receive the notice prior to the date of the hearing."
[5] All statutory references are to the Revised Statutes of Missouri (2016).

of fact—so long as they are supported by competent and substantial evidence—we owe no deference to the Commission's conclusions of law or application of the law to the facts, and review such issues de novo." Biswas, 496 S.W.3d at 590 (citing Welsh v. Mentor Mgmt., Inc., 357 S.W.3d 277, 280 (Mo. App. E.D. 2012)).

When the Commission adopts the decision of the Appeals Tribunal, like in the present case, we consider the Appeals Tribunal's decision to be that of the Commission for purposes of our review. See Ruhl v. K.A.S. Enters., LLC, 658 S.W.3d 253, 257 (Mo. App. E.D. 2022) (citing Walker v. John J. Smith Masonry Co., 654 S.W.3d 123, 126 (Mo. App. E.D. 2022)).

Discussion

In her sole point on appeal, Claimant asserts the Commission erred in finding Claimant failed to show good cause to excuse the untimely filing of her appeal from the overpayment determination. While we are sympathetic to Claimant, we must affirm the Commission's decision.

Employment security cases are governed by Chapter 288, the Missouri Employment Security Law. See section 288.010. Under regulations promulgated pursuant to statutory authority, a party may appeal a non-fraudulent benefit overpayment determination[6] "within thirty- (30-) calendar days of the date the determination or redetermination was delivered in person or mailed to the appellant's last known address." 8 C.S.R. 10-5.010(5)(C)[7]; Kline v. Div. of Emp. Sec., ___ S.W.3d ___, 2023 WL 2247656, at *2 (Mo. App. E.D. February 28, 2023) (published but not final as of the time of this opinion).

---

[6] This regulation applies to appeals from "a non-fraudulent benefit overpayment determination or redetermination under section 288.380.13." 8 C.S.R. 10-5.010(5)(C). This is the section under which Claimant was determined to have been overpaid.

[7] All regulatory references are to the Code of State Regulations, Title 8, Division 10, Chapter 5.010 (effective Nov. 30, 2013).

In the present case, the Division mailed its overpayment determination to Claimant on July 14, 2020. Under the requirements of 8 C.S.R. 10-5.010(5)(C), Claimant's appeal was due thirty days thereafter, by August 13, 2020. Claimant did not appeal the overpayment determination until October 16, 2020. Claimant does not contest that this was untimely; instead, Claimant contends she had good cause to extend the thirty-day filing period pursuant to section 288.270.10. Section 288.070.10 allows for the thirty-day filing period for an appeal from an initial claim determination to be extended "for good cause." Section 288.070.10; see also Biswas, 496 S.W.3d at 590; Kline, ___ S.W.3d ___, 2023 WL 2247656, at *3.

This "good cause" exception, however, does not apply to non-fraudulent overpayment determinations such as the one at issue here. Kline, ___ S.W.3d ___, 2023 WL 2247656, at *2–3 ("There is nothing in the language of [sections] 288.380, 288.190, or 8 C.S.R. 10-5.010(5)(c) that permits application of the 'good cause' exception" to an appeal from a non-fraudulent overpayment determination under section 288.380.13). We therefore have no choice but to affirm the Commission's decision given that Claimant's appeal of her overpayment determination was untimely.[8]

But simply because something is legally correct does not make it fair. See Harris v. Div. of Emp. Sec., 292 S.W.3d 416, 419 (Mo. App. W.D. 2009) (stating, in another unemployment overpayment determination case: "Because of the statutory language there can be no quarrel with the result reached here today. The result thus mandated, however, is totally devoid of any concept of fairness.") (Lowenstein, J., concurring). We should not overlook the hardships facing

---

[8] Although the Commission's decision rested on a conclusion that Claimant failed to show good cause to excuse her untimely appeal, we may still affirm the decision. See Cotton v. Flik Intern. Corp., 213 S.W.3d 189, 193 (Mo. App. E.D. 2007) (this Court may affirm a decision of the Commission if it reached the correct result even if the stated reasoning therefor was wrong, provided we would reach the same result based on the same evidence and provided that process does not "require us to engage in the fact-finding function reserved to the Commission.").

*pro se* claimants as they navigate the daunting and complex apparatus that is the unemployment benefits process,[9] particularly at a time when many claimants were also confronting a myriad of other complications tied to the COVID-19 pandemic. In this spirit, we encourage the Division to continue to explore and implement policies to assist Claimant and those similarly situated.[10]

Nevertheless, because the Division's practices and Commission's decision reflect the current state of the law and applicable regulations, we must deny Claimant's point on appeal.

<u>Conclusion</u>

For the foregoing reasons, we affirm the Commission's decision.

_____
SHERRI B. SULLIVAN, J.

Angela T. Quigless, P.J., and
Robert M. Clayton III, J., concur.

---

[9] This Court has previously remarked that "it is not difficult to imagine the confusion" generated by the often "unnecessarily complicated" unemployment benefits system. <u>Biswas</u>, 496 S.W.3d at 592.

[10] From the facts we are capable of discerning, Claimant seemingly did everything a reasonable individual would do under the circumstances here. When she received three determinations on July 14 stating she was ineligible for benefits and therefore had been overpaid unemployment benefits, she communicated with the Division. And she subsequently received a determination that she was eligible for unemployment benefits based on corrected information. Claimant's deadline for appealing the overpayment determination passed. But there should be no reason to require Claimant to appeal a determination that she was overpaid unemployment benefits due to a period of ineligibility after she had received a corrected determination that she was, in fact, eligible for benefits during that period. When Claimant subsequently received notice in September that the overpayment determination remained outstanding, she attempted to communicate with the Division. She consistently called the Division, remaining on hold for hours—sometimes for so long that the call would drop. When the Division failed to respond, Claimant even contacted her employer for assistance. Once Claimant finally reached a Division employee in October who instructed her that she needed to file an appeal from the overpayment determination, Claimant did so. We fail to see what more Claimant reasonably should have done in this situation.