**ADRIAN N. BAKER AND CO., et al., Defendant/Respondent.**

**No. ED 86483.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 20, 2006.

Steven M. Hamburg, St. Louis, MO, for appellant.

Ryan J. Gavin, Mandy J. Hobson, St. Louis, MO, for respondents.

Before KATHIANNE KNAUP CRANE, P.J., LAWRENCE E. MOONEY and BOOKER T. SHAW, JJ.

**ORDER**

PER CURIAM.

The plaintiff, Clearbrook Houston L.P., claims instructional error and appeals entry of judgment by the Circuit Court of St. Louis County in favor of the defendants, Adrian N. Baker & Company and Steven Gissy. Finding no error, we affirm.

An opinion would have no precedential value. The parties have been provided with a memorandum, for their information only, setting forth the reasons for this decision.

The trial court's judgment is affirmed. Rule 84.16(b)(5).

**Russell V. LOCKRIDGE,**
**Claimant/Appellant,**

v.

**AMERICALL GROUP, INC., and Division of Employment Security, Respondents.**

**No. ED 86978.**

Missouri Court of Appeals,
Eastern District,
Division Five.

June 20, 2006.

Russell Lockridge, St. Charles, MO, appellant pro se.

Ninion S. Riley, Jefferson City, MO, for respondents.

ROY L. RICHTER, Judge.

Russell V. Lockridge (Claimant) appeals from the Labor and Industrial Relations Commission's decision finding that he received unemployment benefits during a period of disqualification and must return those sums to the State. We affirm.

Claimant filed a claim for unemployment benefits. A deputy from the Division of Employment Security concluded that Claimant was not disqualified from receiving unemployment benefits. Claimant's employer, Williams Office Machine Company, Inc., appealed this determination. The referee reversed the deputy's decision and determined there had been misconduct on Claimant's part and imposed a six week disqualification for the misconduct. Claimant appealed to the Commission, which affirmed and adopted the referee's decision. This decision was mailed to Claimant on March 16, 2005. The decision contained a statement that it would become final in ten days from the date of mailing, and that an aggrieved party could appeal to the Court of Appeals within twenty days thereafter. Claimant did not appeal the Commission's decision.

On May 3, 2005, after the Commission's decision had become final, the Division determined that Claimant had been overpaid $750 in benefits, paid during the weeks he was disqualified from receiving benefits. Claimant appealed this determination. After a hearing on this matter, the referee found that the Commission's decision disqualifying Claimant from receiving unemployment benefits for six weeks was final. The referee further found that Claimant had been paid $750 during the period of disqualification. Claimant appealed the decision to the Commission, which affirmed and adopted the referee's decision.

■ Claimant then appealed to this Court within the proper time. Claimant's sole point on appeal is that the Commission erred in affirming the referee's findings because the referee did not require Claimant's employer to supply evidence of the actual misconduct of Claimant as alleged by the employer. By failing to appeal the determination that there was misconduct justifying a denial of benefits for a

period of six weeks, that determination is final for all purposes.[1]

 "The procedures outlined for appeal by statute are mandatory. *Knuckles v. Apex Industries Inc.*, 762 S.W.2d 542, 543 (Mo.App.1988). Section 288.210 vests exclusive appellate jurisdiction with the appropriate appeals court for twenty days after a Commission's decision becomes final. In this case, the Division, failing to appeal the initial judgment within the specified twenty days for appeal to this court, desired a 'second bite at the apple' in filing for reconsideration. If the Division did not approve of the Commission's initial finding, it should have appealed the award to this court, as outlined in Section 288.200." *Burch Food Services, Inc. v. Missouri Division of Employment Security,* 945 S.W.2d 478 (Mo.App.1997)

The issues of Claimant's misconduct and disqualification from receiving benefits cannot be re-litigated at this point. By failing to appeal, the findings of misconduct and disqualification from receiving benefits became final and conclusive. Claimant failed to exhaust his administrative remedies.[2]

The only issue before the Commission subject to appeal was the determination that Claimant had received $750 during a period when he was disqualified. Claimant does not address this issue in his point relied on or in his argument.

The Court finds that none of the grounds enumerated in Section 288.210 apply. The decision of the Labor and Industrial Relations Commission is hereby affirmed.

GLENN A. NORTON, C.J., and LAWRENCE E. MOONEY, J., Concur.

---

1. Statutory references are to RSMo 2000 unless otherwise indicated. Section 288.200.2 states:

    2. Any decision of the commission shall become final ten days after the date of notification or mailing thereof to the parties. Any right, fact or matter in issue, directly based upon or necessarily involved in a determination or redetermination which has become final or in a decision on appeal which has become final, shall be conclusive with respect to the parties who had notice of such determination, redetermination, or decision for all the purposes of the employment security law in any other proceeding; except that, the commission may on its own motion and by a written decision reconsider any determination or redetermination or decision wherein any such right, fact or matter at issue was determined or necessarily involved when it appears that such reconsideration is essential to accomplish the object and purposes of the law. Judicial review of any decision of the commission shall be permitted only after the party claiming to be aggrieved thereby has exhausted the administrative remedies as provided by this law and the rules and regulations of the division.

2. Section 288.210 states in part:

    Upon appeal no additional evidence shall be heard. The findings of the commission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the appellate court shall be confined to questions of law. The court, on appeal, may modify, reverse, remand for rehearing, or set aside the decision of the commission on the following grounds and no other:
    (1) That the commission acted without or in excess of its powers;
    (2) That the decision was procured by fraud;
    (3) That the facts found by the commission do not support the award; or
    (4) That there was no sufficient competent evidence in the record to warrant the making of the award.