**Andrea D. HARRIS, Appellant,**

v.

**DIVISION OF EMPLOYMENT SECURITY, Respondent.**

**No. WD 69968.**

Missouri Court of Appeals, Western District.

July 21, 2009.

Andrea Harris, Kansas City, MO, Acting pro se.

Larry R. Ruhmann, Jefferson City, MO, Counsel for Respondent.

Before THOMAS H. NEWTON, C.J., HAROLD L. LOWENSTEIN, and JAMES EDWARD WELSH, JJ.

JAMES EDWARD WELSH, Judge.

Andrea D. Harris appeals from the Labor and Industrial Relations Commission's decision that she was overpaid unemployment benefits during a period in which she was disqualified from receiving such benefits. In particular, she contends that she should not have to pay back the unemployment benefits because her former employer, Ford Motor Company, approved the payment of those benefits and because she did not know that she could not receive the benefits. We affirm.

Harris filed an initial claim for unemployment benefits with the Division of Employment Security on April 30, 2007. On May 21, 2007, a Division deputy determined that Harris was not disqualified from receiving benefits because she was discharged from her job on April 2, 2007, but not for misconduct connected with her work. Harris thereafter began receiving benefits of $280 per week. Ford Motor Company appealed the deputy's decision to the Division's appeals tribunal, which

found that Harris was disqualified from receiving unemployment benefits because she voluntarily quit her job without good cause attributable to her work or to her employer. Harris appealed this decision to the Labor and Industrial Relations Commission, but the Commission dismissed Harris's appeal "because it was neither postmarked nor received within thirty (30) days after the Appeals Tribunal decision was mailed." Harris did not appeal the Commission's decision and that decision became final.

On December 21, 2007, a Division deputy determined that Harris was overpaid benefits for twenty-six weeks because she was paid benefits during a period of disqualification. Harris appealed that overpayment determination to the Division's Appeals Tribunal claiming that no one at Ford Motor Company or at the unemployment office ever said that she could not draw unemployment. After a hearing, the Appeals Tribunal affirmed the deputy's determination and found that Harris had been overpaid benefits in the amount of $7,280 for the period from May 6, 2007, through November 3, 2007. Harris appealed this decision to the Commission, and the Commission affirmed and adopted the Appeals Tribunal's decision. Harris now appeals to this court.

■■■■ Harris appears *pro se* in this appeal. We hold *pro se* appellants to the same procedural rules as attorneys, and we do not grant them preferential treatment regarding compliance with those rules. *Wilson v. Carnahan*, 25 S.W.3d 664, 667 (Mo.App.2000). We note that Harris's brief repeatedly violates Rule 84.04's briefing requirements in that the statement of facts fails to include references to the record; the points relied on are insufficient; no list of cases, constitutional, statutory, or regulatory provisions, or other authority is cited following the

points relied on; the brief does not contain a statement of the applicable standard of review; and the argument section of the brief consists merely of this statement:

> The Commission erred in overpayment of unemployment benefits to the appellant because, Ford Motor Co. said it was ok for me to [accept] the benefits. I do not have anymore money to pay this back, and if it was an overpayment error why did it go on for so long? I do not have 7,000+ to pay this overpayment back, I am asking for the Commission to have mercy on me in this situation.

Although we could dismiss Harris's appeal, as the Division requests, on the basis of Harris's failure to comply with Rule 84.04's briefing requirements, we prefer to dispose of a case on the merits, whenever possible, rather than to dismiss an appeal for deficiencies in the brief. *Lueker v. Mo. W. State Univ.*, 241 S.W.3d 865, 867 (Mo. App.2008). Because we are able to determine the essence of Harris's appeal, we *ex gratia* consider her appeal and deny the Division's request to dismiss the appeal. *See Rodriguez v. Osco Drug*, 166 S.W.3d 138, 140 (Mo.App.2005).

Harris essentially complains about the decision that she was disqualified from receiving unemployment benefits. She asserts that Ford Motor Company approved the payment of those benefits and that she did not know that she could not draw the unemployment benefits. Harris, however, failed to timely appeal this determination to the Commission, and, therefore, this decision is final. §§ 288.200 and 288.210, RSMo 2000. Indeed, this court's Eastern District has held in a case with similar facts that the issue of disqualification from receiving benefits could not be re-litigated in an overpayment case because the claimant failed to appeal from the decision that he was disqualified from receiving the ben-

efits. *Lockridge v. Americall Group, Inc.*, 193 S.W.3d 836, 838 (Mo.App.2006).

■ Thus, the only issue before the Commission subject to appeal in this case was its determination that Harris had been overpaid $7,280 during a period in which she was disqualified from receiving benefits. Section 288.381.1, RSMo Cum.Supp. 2008, specifically provides:

> The provisions of subsection 6 of section 288.070 notwithstanding, benefits paid to a claimant pursuant to subsection 5 of section 288.070 to which the claimant was not entitled based on a subsequent determination, redetermination or decision which has become final, shall be collectible by the division as provided in subsections 12 and 13 of section 288.380.[1]

Harris admits that she was paid benefits in the amount of $7,280. Besides claiming that the determination that she was disqualified from receiving unemployment benefits was reached in error, Harris merely asserts that she does not have the money to pay it back and asks for "mercy." The Division, however, does not have authority to consider issues of fairness and economic hardship in determining whether to seek recoupment. *Campbell v. Labor & Indus. Relations Comm'n*, 907 S.W.2d at 246, 250–51 (Mo.App.1995).

We, therefore, affirm the Commission's decision.

JAMES WELSH, Judge, writes for the majority.

HAROLD LOWENSTEIN, Judge, writes a separate concurring opinion.

THOMAS NEWTON, C.J. concurs.

HAROLD L. LOWENSTEIN, Judge, concurring.

Because of the statutory language there can be no quarrel with the result reached here today. *Roberts v. Labor and Industrial Relations Commission*, 869 S.W.2d 139 (Mo.App.1993). The result thus mandated, however, is totally devoid of any concept of fairness. This citizen is not guilty of any nondisclosure or misrepresentation of a material fact. She was not initially disqualified from benefits by a deputy of the division which oversees payments from the fund. She went to a law library and hammered out briefs to counteract subsequent decisions.

The legislature can easily correct situations such as this one where there has been no connivance on the part of the employee by deleting the word "shall" in the last line of Section 288.381.1 and inserting the word "may." Such a simple enactment would bring a measure of compassion and discretion to cases such as this one, and would not bankrupt the fund.

---

1. Section 288.380.13, RSMo Cum.Supp.2008, says:

   Any person who, by reason of any error or omission or because of a lack of knowledge of material fact on the part of the division, has received any sum of benefits pursuant to this chapter while any conditions for the receipt of benefits imposed by this chapter were not fulfilled in such person's case, or while such person was disqualified from receiving benefits, shall after an opportunity for a fair hearing pursuant to subsection 2 of section 288.190 have such sums deducted from any further benefits payable to such person pursuant to this chapter, provided that the division may elect not to process such possible overpayments where the amount of same is not over twenty percent of the maximum state weekly benefit amount in effect at the time the error or omission was discovered.