Thurston BYERS, Employee/Appellant,

v.

HUMAN RESOURCE STAFFING, LLC and Division of Employment Security, Respondents.

Nos. ED 99109, ED 99113.

Missouri Court of Appeals, Eastern District, Division Two.

June 28, 2013.

Bryan Brody, Clayton, MO, for appellant.

Robert Bedell (Attorney for Division of Employment Security), Jefferson City, MO, for respondent.

Human Resource Staffing, LLC, St. Peters, MO, pro se.

LISA S. VAN AMBURG, Judge.

## INTRODUCTION

Thurston Byers ("Claimant") appeals from the orders of the Labor and Industrial Relations Commission ("Commission") affirming the decision of the Missouri Division of Employment Security's ("Division") appeals tribunal. Division's appeals tribunal found Claimant failed to timely appeal a deputy's determination of disqualification, which became final, and he was therefore overpaid unemployment compensation benefits during the period of disqualification. Claimant contends that Commission erred in affirming and adopting these findings, because his delay in appealing the deputy's determination of disqualification was for good cause. Alternatively, Claimant contends a determination of disqualification for benefits under section 288.040 RSMo 2011[1] does not affect unemployment benefits deemed eligible under section 288.050 and already paid to a claimant. We affirm. Additionally, we provide clarification regarding the allowable method for collection pursuant to section 288.380.13.

## FACTUAL AND PROCEDURAL BACKGROUND

Claimant worked for Human Resource Staffing, LLC ("Employer") for approximately one year. On September 2, 2011, Claimant filed an initial claim for unemployment benefits following separation from Employer. Claimant's initial claim was approved, and over the course of the next several months he intermittently claimed and received weekly benefits.

Thereafter Claimant received from Employer a work assignment which lasted six days, between November 16, 2011 and November 30, 2011. Following completion of

---

1. All references to Missouri statutes are to RSMo 2011, unless otherwise stated.

this assignment, Claimant performed no further work for Employer and again began claiming and receiving weekly unemployment benefits until he exhausted his claims the week of February 25, 2012.

In March 2012, Claimant obtained a new full time job unrelated to his previous work through Employer. Claimant's new job lasted only a few weeks. Upon termination of his employment, Claimant filed a new claim for benefits. In a letter dated April 5, 2012, Division notified Employer of Claimant's new claim.[2] Employer filed a protest with Division to contest this new claim and alleged, among other things, that Claimant voluntarily quit on November 30, 2011.

Following review, Division's deputy issued a notice of determination in a letter dated April 24, 2012, finding Claimant was disqualified from receiving unemployment benefits under the provisions of sections 288.050.1 and 288.051 from November 30, 2011, because Claimant failed to contact Employer upon completion of his assignment and prior to filing his weekly unemployment claim and Employer notified him of his obligation to do so. The deputy's letter also informed Claimant of his right to appeal by May 24, 2012.

Claimant received a subsequent deputy's determination of overpaid benefits in a letter dated May 9, 2012, finding Claimant was overpaid $3,302.75 for all unemployment benefits he received after November 30, 2011, "because you were paid benefits during a period of disqualification." On June 6, 2012, Claimant appealed these determinations.

Thereafter, Division held two separate evidentiary hearings. Division found the deputy's determination of disqualification dated April 24, 2012 was final because Claimant failed to timely appeal such determination by May 24, 2012, without good cause. Division also affirmed the deputy's determination of overpayment, finding that Claimant was overpaid for the period in which he was disqualified from receipt of such benefits. Division did not find that Claimant misrepresented or falsified any fact regarding the benefits he received.

Claimant timely appealed Division's findings to Commission. Commission affirmed.[3] Claimant appeals in this consolidated proceeding.

## STANDARD OF REVIEW

We review Commission's decisions pursuant to section 287.495.1 RSMo 2000, which states Commission's decisions should be modified, reversed, remanded, or set aside only if: (1) Commission acted without or in excess of its powers; (2) the award was procured by fraud; (3) the facts found by Commission do not support the award; or (4) there was not sufficient competent evidence in the record to warrant the making of the award. *Gervich v. Condaire, Inc.*, 370 S.W.3d 617, 620 (Mo. banc 2012).

We review questions of law de novo. *Id.* This Court is not bound by Commission's interpretation or application of the law; therefore no deference is afforded Commission's interpretation of statute. *Id.; Berwin v. Lindenwood Female Coll.*, 205 S.W.3d 291, 294 (Mo.App. E.D. 2006).

---

2. Employer paid wages to the claimant during the base period of the claim as defined by section 288.030.2, and therefore received notice of his new claim.

3. Commission however clarified, "Division shall pursue recovery of overpaid benefits only as authorized by law," citing section 288.380 and *Crawford v. Div. of Emp't Sec.*, 376 S.W.3d 658 (Mo. banc 2012).

## DISCUSSION

■ For ease of analysis we first address Claimant's second point. Claimant contends that Commission erred in affirming Division's determination that he failed to timely appeal the deputy's decision dated April 24, 2012, without "good cause." Specifically, Claimant contends that he acted in good faith and reasonably under all the circumstances, and thus he presented sufficient grounds to extend the appeals deadline. We disagree.

■ Section 288.070.6 allows a claimant thirty calendar days to appeal a deputy's determination "after notice of such determination is either delivered in person or mailed," otherwise the determination becomes final. Section 288.070.10 allows this thirty day window to be extended "for good cause." To establish "good cause," Claimant must show that he acted in good faith "and reasonably under all the circumstances." 8 CSR 10–5.010.2(C). An administrative agency's determination of good cause "depends on the evaluation of many subtle facts, and ... is subject to judicial review only for abuse of discretion." *Taylor v. St. Louis Arc, Inc.,* 285 S.W.3d 775, 777 (Mo.App. E.D.2009). An abuse of discretion occurs only when the outcome is "so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *Reisdorph v. Div. of Emp't Sec.,* 8 S.W.3d 169, 171–172 (Mo.App. W.D.1999). There is no abuse of discretion when it is possible for reasonable minds to differ as to the propriety of Commission's decision. *Id.*

Here, Claimant received the deputy's letter, dated April 24, 2012, relating the determination of disqualification. The letter informed Claimant of his right to file an appeal not later than May 25, 2012, and that the appeal period may be extended for good cause. The letter further stated: "If you do not understand the determination or how to file an appeal, contact the office shown above for assistance."

Claimant testified that the determination of disqualification dated April 24, 2012, was "buried on [his] desk" and that he "misplaced it." Claimant further stated he did not open or read the notice before his right to appeal expired. Claimant did not contact Division to ask questions or attempt to gain any further information concerning the notice of determination or his appeal rights before his right to appeal expired. Claimant concedes he failed to timely appeal the deputy's determination of disqualification.

Commission affirmed Division's conclusion that Claimant did not act reasonably when he misplaced the deputy's determination, failed to read it, and thereby timely file his appeal. Claimant argues here that he acted reasonably because he filed an appeal "upon discovering the letter."[4] Failure to timely follow clear instructions provided in a notice due to simple oversight is not reasonable and does not constitute good cause for missing a procedural deadline. *See Jenkins v. Manpower on Site at Proctor and Gamble,* 106 S.W.3d 620, 624–625 (Mo.App. W.D.2003) (finding claimant's failure to properly read a notice of hearing does not constitute good cause for missing the hearing); *Lockridge v. Americall Group, Inc.,* 193 S.W.3d 836, 838 (Mo.App. E.D.2006) ("The procedures outlined for appeal by statute are mandatory."). "The basic responsibility lies with the claimant to come forward and assert his rights." *Todaro v. Labor & Indus. Relations Comm'n,* 660 S.W.2d 763, 766

---

4. Claimant testified before the Appeals Tribunal that he filed his appeal in response to the determination of overpayment dated May 9, 2012, and did so before he read or even opened the determination letter dated April 24, 2012.

(Mo.App. E.D.1983). Claimant's late filing due to oversight is not evidence that he acted reasonably "under all the circumstances" as required by 8 CSR 10–5.010.2 and does not constitute good cause. Accordingly, Commission did not abuse its discretion. Point denied.

■ In his alternative point, Claimant contends Commission erred in affirming Division's conclusion that he was overpaid benefits because there was not sufficient competent evidence in the record to warrant the award. Specifically, Claimant argues the determination of disqualification dated April 24, 2012 does not affect Claimant's eligibility for benefits already paid, and Commission improperly relied on this determination to support the subsequent determination of overpayment. As a threshold matter Claimant's contention relies on the legal premise that a determination of disqualification under section 288.050 does not affect a claimant's eligibility for benefits already received, absent a determination of ineligibility under section 288.040. We disagree.

■ Statutory provisions which relate to the same subject matter are "considered in *pari materia* and are to be construed together." *Crawford v. Div. of Emp't Sec.,* 376 S.W.3d at 664. "In doing so, this Court attempts to read the legislation consistently and harmoniously." *Id.*

Section 288.040 addresses eligibility for weekly unemployment benefits while section 288.050 deals with disqualification for unemployment benefits. Section 288.040 states a claimant is eligible for receipt of weekly benefits if the claimant, among other things, files a claim each week, affirming he is able and available to work, and participates in reemployment services. Alternatively, section 288.050 states in relevant part:

[n]otwithstanding the other provisions of this law, a claimant shall be disqualified for waiting week credit or benefits ... if the deputy finds: (1) that the claimant has left work voluntarily without good cause attributable to such work or to the claimant's employer.

Section 288.381.1 entitled, "Collection of benefits paid when claimant later determined ineligible" states:

... benefits paid to a claimant ... to which the claimant was not entitled based on a subsequent determination, redetermination or decision which has become final, shall be collectible by the division as provided in subsections 12 and 13 of section 288.380.

Section 288.380.13 states the recovery of overpaid unemployment compensation benefits may be had against "any person:"

... who, by reason of any error or omission or because of a lack of knowledge of material fact on the part of the division, has received any sum of benefits pursuant to this chapter while any conditions for the receipt of benefits imposed by this chapter were not fulfilled in such person's case, *or while such person was disqualified from receiving benefits,* shall after an opportunity for a fair hearing pursuant to subsection 2 of section 288.190 have such sums deducted from any further benefits payable to such person pursuant to this chapter.... (emphasis added)

When read together, the plain language of these statutes permit a deputy's determination of overpayment following a determination of disqualification under section 288.050. *See also Lockridge,* 193 S.W.3d at 838 (finding a claimant is subject to a determination of overpayment following a determination of disqualification); *Harris v. Div. of Emp't Sec.,* 292 S.W.3d 416, 419 (Mo.App. W.D.2009); *Wheeler v. Poor Boy Tree Service, Inc.,* 252 S.W.3d 253 (Mo.

App. S.D.2008) ("Eligibility under § 288.040 does not preclude disqualification under § 288.050.").

Furthermore, once a determination of disqualification and overpayment becomes final, sections 288.381.1 and 288.380.13 authorize collection against claimants who received benefits while disqualified. *See Crawford*, 376 S.W.3d at 665; *Lockridge*, 193 S.W.3d at 838 (holding a determination of disqualification is final for all purposes if untimely appealed).

Here, Commission upheld the deputy's determination of disqualification of April 24, 2012, because the deputy determined Claimant left work in violation of section 288.050 and Claimant failed to timely appeal this determination. Thus, the determination became final pursuant to section 288.070.6. *See Lockridge*, 193 S.W.3d at 837–838 (finding once a determination of disqualification becomes final the merits of such determination cannot be re-litigated in the subsequent appeal of a determination of overpayment). Claimant also received a deputy's determination of overpaid benefits received during the period of disqualification, from November 30, 2011, to February 25, 2012. At his hearing before Division's appeals tribunal, Claimant acknowledged he claimed and received $3,302.75 in unemployment benefits after November 30, 2011 up to February 25, 2012, and did not contest Division's calculation of the total overpayment amount due. The record, therefore, contains sufficient competent evidence to support the finding that Claimant was overpaid $3,302.75 in unemployment benefits during a period of disqualification. Point denied.

■ Pursuant to the provisions of section 288.020 RSMo 2000, as well as the authority relied on in Division's brief, we construe Commission's ruling unambiguously to mean the determination of overpaid benefits shall be collected according to the collection methods outlined in section 288.381.13, by deduction from future unemployment benefits. *See Crawford*, 376 S.W.3d at 665 (authorizing collection only under 288.381.13 absent misrepresentation or fraud). Claimants who were overpaid under circumstances that do not involve fraud or misrepresentation of fact should not have to save their benefits for a rainy day in the future when Commission may determine an overpayment was made. To conclude otherwise would defeat the purpose of Missouri's declared public policy to set aside unemployment reserves for the benefit of individuals unemployed through no fault of their own.

## CONCLUSION

Commission's decisions are affirmed.

KATHIANNE KNAUP CRANE, P.J. and MARY K. HOFF, J., Concur.