

# In the Missouri Court of Appeals
## Eastern District

### DIVISION THREE

| | | |
|---|---|---|
| JAMIE A. MARX, | ) | |
| | ) | No. ED110579 |
| Appellant, | ) | |
| | ) | |
| | ) | |
| v. | ) | Appeal from the Labor & Industrial |
| | ) | Relations Commission |
| | ) | Appeal Nos. 2216659 |
| | ) | 2216661 |
| | ) | 2216662 |
| | ) | 2216663 |
| DIVISION OF EMPLOYMENT | ) | 2216664 |
| SECURITY, | ) | |
| | ) | |
| Respondent. | ) | Filed: April 11, 2023 |

### Introduction

Appellant Jamie Marx appeals five orders of the Labor and Industrial Relations Commission dismissing Marx's administrative appeals as untimely. We affirm the orders of the Commission.[1]

### Factual and Procedural Background

Appellant became unemployed in September 2019 following the sale of his employer company, Sachs Properties. On an unknown date, Appellant filed his initial claim for

---

[1] Appellant filed five notices of appeal and the same brief in each of the five appeals under case numbers ED110579, ED110582, ED110584, ED110588, and ED110589. Respondent moved to consolidate the appeals. We granted the motion and consolidated the five appeals under case number ED110579.

unemployment benefits. Appellant alleges that, during that time, he "faithfully complied with all reporting requirements and submitted weekly claims, including work search information and acknowledgment of my continued unemployment."[2] Appellant submitted weekly claims through his "UInteract" account. "UInteract" is the online website of the Missouri Division of Employment Security, where claimants of unemployment benefits have their own accounts. *See Harden v. Div. of Emp. Sec.*, 655 S.W.3d 796, 798 n.3 (Mo. App. S.D. 2022). Between May 3, 2020 and October 10, 2020, Appellant was paid unemployment benefits pursuant to the CARES Act of 2020 and the Missouri Employment Security Law.

*Ineligibility Determination*

On December 9, 2020, a deputy with the Division determined Appellant had not provided information about his work status. The deputy determined Appellant had been ineligible for benefits since April 26, 2020 for not meeting registration or reporting requirements. In a letter to Appellant, the deputy explained, "If you believe this determination is incorrect, you may file an appeal not later than 01-08-2021. This appeal period may, for good cause, be extended."

The deputy's letter was mailed on December 9, 2020 to the same address Appellant used in his correspondence with the Division.[3] Appellant claims in his appellate brief, "Appellant subsequently found that a Deputy's Determination was mailed to him December 9, 2020 stating Appellant was ineligible to receive the benefits he had been payed months earlier," but he "has no knowledge of receiving this determination."

In accordance with the ineligibility determination, Appellant stopped receiving benefit payments at some point. Appellant alleges that, because he was unsure why he had stopped

---

[2] We do not consider whether Appellant in fact did so because that would require us to review the merits of the Division's determination that Appellant was ineligible for benefits. That issue was not decided by the Commission and is not properly before us. *See Adams v. Div. of Emp. Sec.*, 353 S.W.3d 668, 673 (Mo. App. E.D. 2011).

[3] Appellant has used the same address in his pleadings to this Court.

receiving payments, he called the Division in approximately early 2021. According to Appellant, that was when he was informed that his claims were not payable because he had not updated his employment status. Thereafter, Appellant's employment status was updated and he resumed receiving payments until later in 2021.

*Overpayment Determinations*

On August 12, 2021, a deputy determined Appellant was overpaid benefits from May 9, 2020 to October 10, 2020, during the period for which Appellant had been determined ineligible for benefits. Notices of the deputy's overpayment determinations stated they were mailed to Appellant the same day, August 12, 2021. The notices advised that the overpayment determinations could be appealed no later than September 13, 2021. Appellant acknowledges on appeal these notices were posted to his UInteract account on August 12, 2021, but alleges he was "unaware of the notice posted to his Uinteract account." He also concedes that "[t]his notice was allegedly mailed to Appellant on August 12, 2021," but denies receiving the notices in the mail.[4]

*Appeals to the Tribunal*

After learning of the overpayment determinations, Appellant mailed a letter to the Appeals Tribunal on December 2, 2021 to appeal the deputy's ineligibility and overpayment determinations. Appellant mailed the letter from his same address to which the Division had sent its previous notices. The Tribunal received the letter on December 9, 2021.

Appellant's appeal of the ineligibility determination was untimely by nearly a year, and his appeals of the overpayment determinations were approximately three months out of time. Appellant's explanation for his untimely appeal was that he never received notice of the deputy's

---

[4] On appeal, Appellant represents that he first learned of these determinations from a letter dated November 12, 2021. Appellant made the same representation in his appeal to the Commission but made no mention of the November 12, 2021 letter to the Tribunal. No letter of that description appears in the record before us.

determinations or "emails that would have prompted me to visit the website and view past correspondence that would have alerted me that this was coming."

On February 22, 2022, the Tribunal, after reviewing the Division's records of the dates the Division mailed its determinations and Appellant filed his appeals, dismissed all of Appellant's appeals to the Tribunal as untimely. According to the Tribunal's orders of dismissal, they were mailed to the same address that appeared on Appellant's other correspondence to and from the Division, including the Division's initial determination of his ineligibility for benefits.

*Appeals to the Commission*

Appellant apparently received the Tribunal's dismissal orders because, on March 10, 2022, he faxed the Commission his appeals of all the orders. In his fax, Appellant alleged, for the first time, he "was not made aware of the claim that I was deemed to owe money until I received a letter to that effect dated November 12, 2021 due to not receiving supposed emails prompting me to get correspondence from the website." Appellant further alleged for the first time that, on an unspecified date, he spoke with someone at the Division who told him he failed to update his employment status when requested to do so in a notice dated November 30, 2020. Appellant again claimed he was unaware of that notice.

On April 19, 2022, the Commission affirmed the Tribunal's dismissal of Appellant's appeals. Regarding both the ineligibility determination and overpayment determinations, the Commission found Appellant's appeals to the Tribunal untimely. It also found that, even if the Commission accepted Appellant's allegations as true, he failed to make a *prima facie* showing that good cause existed to extend the time for filing the appeals.[5]

---

[5] Appellant never suggested to the Tribunal or the Commission that he was entitled to a hearing. To the extent he now suggests he was "deserving of a fair hearing," the issue is waived because it was not raised before the Commission. *Menley v. JJF & C, LLC*, 637 S.W.3d 687, 690 n.2 (Mo. App. E.D. 2021) (quoting *Davis v. Transp. Sec. & Div. of Emp. Sec.*, 295 S.W.3d 594, 597 (Mo. App. E.D. 2009)). Also, Appellant's point relied on does not

4

Appellant now appeals to this Court.

## Standard of Review

Our review of the Commission's decision is governed by the Missouri Constitution and Section 288.210.[6] *Clayton v. Jars TD, Inc.*, 654 S.W.3d 726, 729 (Mo. App. E.D. 2022); *Dickemann v. Costco Wholesale Corp.*, 550 S.W.3d 65, 67 (Mo. banc 2018). We review whether the Commission's decisions are "authorized by law" and "supported by competent and substantial evidence upon the whole record." Mo. Const. art. V, § 18. Section 288.210 provides:

> Upon appeal no additional evidence shall be heard. The findings of the commission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the appellate court shall be confined to questions of law. The court, on appeal, may modify, reverse, remand for rehearing, or set aside the decision of the commission on the following grounds and no other:
>
> (1)  That the commission acted without or in excess of its powers;
> (2)  That the decision was procured by fraud;
> (3)  That the facts found by the commission do not support the award; or
> (4) That there was no sufficient competent evidence in the record to warrant the making of the award.

Here, Appellant's allegation of error can be construed as only that the Commission acted in excess of its powers. *See Dickens v. Hannah's Enters., Inc.*, 360 S.W.3d 910, 913 (Mo. App. S.D. 2012).

## Discussion

Appellant appeals the Commission's orders dismissing his administrative appeals as untimely. The only issues decided by the Commission were whether Appellant timely filed his appeals of the ineligibility and overpayment determinations and, if not, whether he had good

---

allege the Tribunal or Commission erred in not holding a hearing, and his appellate brief does not cite legal authority for, or otherwise develop, such an argument. *See* Rule 84.04(d)(2)(A), (e); *Jefferson v. Missouri Dep't of Soc. Servs.*, 648 S.W.3d 50, 54 (Mo. App. E.D. 2022).
[6] All statutory references are to RSMo (2016) unless otherwise indicated.

cause for untimely filing the appeals. Though Appellant appears to take issue with the merits of the Division's initial ineligibility and overpayment determinations as well, those issues are not before us on appeal. *See Adams v. Div. of Emp. Sec.*, 353 S.W.3d 668, 673 (Mo. App. E.D. 2011) ("This Court may only address issues that were determined by the Commission and may not consider issues not before the Commission.") (internal alteration and quotation omitted).[7]

*Ineligibility Determination*

Appellant acknowledges that his appeal of the ineligibility determination to the Tribunal was untimely. Instead, his argument here is "the Commission acted in excess of its authority by its determination that good cause did not exist to extend the time for filing of the appeals." *See* RSMo § 288.070.10; *see also Harden*, 655 S.W.3d at 800 ("There is no dispute that Claimant failed to timely file her appeal and filed it 22 days past the 30-day period. Therefore, we need only consider whether the Commission's finding that Claimant lacked good cause for missing that deadline was supported by substantial and competent evidence.").[8]

Unless a claimant files an appeal within 30 calendar days after notice of the ineligibility determination is either delivered in person or mailed to the last known address of the claimant, it shall be final. RSMo § 288.070.6; 8 C.S.R. § 10-5.010(5)(A). The statutory procedures for appeal in unemployment security cases are mandatory. *Sanders v. Div. of Emp. Sec.*, 660 S.W.3d 35, 42 (Mo. App. W.D. 2023). The 30-day period in Section 288.070.6 may, for "good cause," be extended. RSMo § 288.070.10. "Good cause," as relevant here, is defined by regulation: "Good cause—For the purposes of sections 288.070.10 and 288.130.5, RSMo, and of this

---

[7] Similarly, Appellant cites Section 288.070.8, for the argument that the Division "did not follow the statute by not promptly informing Appellant of its determination as to the status of his eligibility. Once Appellant filed the claims and began receiving benefits promptly, it was only reasonable for him to assume his claims had been approved by the deputy." Appellant made no such argument to the Tribunal or the Commission. "Issues not raised before the Commission may not be raised on appeal." *Menley*, 637 S.W.3d at 690 n.2 (quoting *Davis*, 295 S.W.3d at 597).

[8] As phrased, Appellant's point relied on does not appear to challenge that the orders of the Tribunal and the Commission were supported by substantial and competent evidence.

chapter, good cause shall be those circumstances in which the party acted in good faith and reasonably under all the circumstances." 8 C.S.R. § 10-5.010(2)(C).

This Court reviews the Commission's determination of "good cause" for abuse of discretion. *Biswas v. Div. of Emp. Sec.*, 496 S.W.3d 587, 591 (Mo. App. E.D. 2016). An abuse of discretion occurs only when the outcome is "so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *Byers v. Hum. Res. Staffing, LLC*, 402 S.W.3d 605, 608 (Mo. App. E.D. 2013).

Appellant's only assertions of good cause are that he did not receive the December 9, 2020 mailed notice of the Division's ineligibility determination and he failed to access his UInteract account, to which the notice also was sent. These reasons do not amount to good cause.

First, Section 288.070.6 does not require Appellant's receipt of notice of the ineligibility determination to start the 30-day period for his appeal of that determination. Rather, the Division asserts, and Appellant does not deny, that it mailed notice of its ineligibility determination to Appellant's last known address on December 9, 2020. That is what is required of the Division pursuant to Section 288.070.6.

Appellant has never alleged that the notice was not mailed, was mailed to the wrong address, or was returned as undeliverable. *See generally Williams v. City of Kinloch*, 657 S.W.3d 236, 243 (Mo. App. E.D. 2022). In fact, Appellant's same address that appeared on the Division's notice invariably was used by Appellant in his correspondence with the Division. *See id.*; *Greig v. McCaleb*, 638 S.W.3d 600, 604 (Mo. App. W.D. 2021) ("Employer's self-serving assertions do not explain how Employer, in fact, received notice of the final award, but did not receive any other notices—where the final award notification was mailed to the identical address as numerous other mailings from the Division to Employer, including the notice of hearing.").

7

In any event, the issue here is not whether the Division gave proper notice pursuant to Section 288.070.6. The issue is whether the Commission abused its discretion in concluding Appellant lacked good cause to extend the time for filing his appeal. In addition to Appellant's apparent concession that the Division mailed the notice as required under Section 288.070.6, he fully admits the Division sent notice via his UInteract account. His argument for good cause is that he simply failed to check his UInteract account, to which he had ready access. That is not good cause.

We find persuasive this Court's decision in *Byers*, 402 S.W.3d 605. There, the Division determined the claimant was disqualified from receiving unemployment benefits and mailed notice to the claimant's last known address on the same day. *Id.* at 606. The claimant appealed the disqualification determination, but the Division found his appeal untimely and without good cause. *Id.* On appeal to this Court, the claimant conceded he received notice of the disqualification determination but claimed he misplaced it. *Id.* at 608. The Court held, "Claimant's late filing due to oversight is not evidence that he acted reasonably 'under all the circumstances' as required by 8 CSR 10–5.010.2 and does not constitute good cause." *Id.* at 609.

As in *Byers*, Appellant does not deny that the Division sent the notice of the ineligibility determination. Though Appellant's position is not that he received the mailed notice and misplaced it, he nonetheless concedes that he received the notice via his UInteract account and did not check the account.[9] As the *Byers* court concluded, Appellant's late filing due to this oversight is not evidence that he acted reasonably "under all the circumstances" as required by 8 C.S.R § 10–5.010.2 and does not constitute good cause. 402 S.W.3d at 609.

---

[9] The Western District of this Court recently referred to a claimant's access to UInteract as a relevant consideration in determining whether good cause exists in this context. *See Sanders*, 660 S.W.3d at 37-38, 43-44 ("[Claimant] also could not access her UInteract portal to see these determinations.").

The Commission did not abuse its discretion in concluding that Appellant lacked good cause to extend the time for filing his appeal of the Division's ineligibility determination.

*Overpayment Determinations*

Appellant likewise acknowledges his appeals of the overpayment determinations were untimely. He insists, however, that he demonstrated good cause. The fundamental problem with Appellant's position is that appeals of overpayment determinations, unlike ineligibility determinations, are not subject to extension for good cause.

A claimant who receives unemployment benefits while the claimant is disqualified from receiving benefits may owe the Division for the overpayment of benefits even if the overpayment was "by reason of any error or omission or because of a lack of knowledge of material fact on the part of the division." RSMo § 288.380.13. The claimant's appeal of such an overpayment determination under Section 288.380.13 shall be filed within 30 calendar days of the date the determination was delivered in person or mailed to the claimant's last known address. 8 C.S.R. § 10-5.10(5)(C).

As we have seen, Section 288.070.10 permits the 30-day period in Section 288.070.6 for filing an appeal of an initial ineligibility determination to be extended for good cause. But there is no comparable extension for good cause in 8 C.S.R. § 10-5.010(5)(C) or Section 288.380 for filing an appeal of an overpayment determination under Section 288.380.13.[10] *See Kline v. Div. of Emp. Sec.*, No. ED110500, 2023 WL 2247786, at *3 (Mo. App. E.D. Feb. 28, 2023) (citing *Ireland v. Div. of Emp. Sec.*, 390 S.W.3d 895, 900 n.4 (Mo. App. W.D. 2013)).

---

[10] This is more the rule than the exception. There likewise is no extension for good cause for the untimely appeal of any decision or order of the Commission pursuant to Section 288.200. *See*, *e.g.*, *Jacobson v. Syberg's Eating & Drinking Co., Inc.*, 652 S.W.3d 376, 379 (Mo. App. E.D. 2022) (reaffirming Section 288.200 "does not provide for late filing and does not recognize any exceptions for filing out of time").

In dismissing Appellant's appeals of the overpayment determinations as untimely, the Commission needlessly referred to a lack of good cause. The Commission nevertheless did not act in excess of its powers in dismissing the appeals as untimely pursuant to 8 C.S.R. § 10-5.010(5)(C). *See Davis v. Sch. of Ozarks, Inc.*, 188 S.W.3d 94, 105 (Mo. App. S.D. 2006) ("[A] Commission decision that reaches the right result will not be overturned because a wrong or insufficient reason was given for the ruling.").

## Conclusion

We affirm the orders of the Commission dismissing Appellant's administrative appeals as untimely.

 

 

_____
Cristian M. Stevens, J.

Gary M. Gaertner, Jr., P.J., and
John P. Torbitzky, J., concur.