

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| MARIA-FERNANDA FAST, | ) | |
| | ) | |
| Appellant, | ) | |
| v. | ) | WD85872 |
| | ) | |
| | ) | OPINION FILED: |
| DIVISION OF EMPLOYMENT | ) | June 27, 2023 |
| SECURITY, | ) | |
| | ) | |
| Respondent. | ) | |

**Appeal from the Labor and Industrial Relations Commission**

**Before Division One:** Mark D. Pfeiffer, Presiding Judge, and
Karen King Mitchell and W. Douglas Thomson, Judges

Maria-Fernanda Fast appeals the decision of the Labor and Industrial Relations Commission dismissing her claim for unemployment benefits. The Commission determined that Fast's appeal was untimely and dismissed it for lack of jurisdiction. Fast raises one point on appeal; she argues that the Commission erred in dismissing her appeal as untimely because the Commission's finding was not supported by substantial evidence. Because the record shows conclusively that Fast's appeals below were untimely, we must dismiss her appeal.

## Background

Fast was employed by Baretta, Inc., which operated Caleco's Bar and Grill in St. Louis, Missouri, as a server/bartender from sometime before March 2020 until February 20, 2021, when she began full-time employment elsewhere. Fast applied for unemployment benefits in March 2020, when mandatory pandemic requirements forced Caleco's Bar and Grill to close in-person dining and to accept only carry-out orders. In March 2021, the Division of Employment Security, in its "Deputy's Determination Concerning Claim for Benefits," found Fast ineligible for unemployment benefits because Fast was "not making herself available for all the hours the employer has available for her to work." The Determination contained a statement that it was mailed to Fast on March 19, 2021. The Determination also contained a notice of appeal rights, which stated, "If you believe this determination is incorrect, you may file an appeal not later than 04-19-2021. The appeal period may, for good cause, be extended."

Fast claims that, sometime after she received the Determination (presumably in March 2021), she spoke to her general manager, who told her he had never said she was unavailable for work and promised to "call and reach out to unemployment to clear it up." Fast states that she spoke to representatives of the Division at various times about the merits of her claim and her right to challenge the Determination, but she did not file anything to appeal the Determination within the 30-day time period, nor does she provide any reason she could not do so except to say she was unaware of the procedure and hoped her general manager would contact the Division to set things straight. However, the record shows that her general manager did not contact the Division until about a year

later. Attached to Fast's amended brief is a letter dated March 31, 2022, signed by James Costello, "Former General Manager, Caleco's Bar and Grill," which states that Fast "never refused work [but] did miss a couple months with maternity leave (11/1/2021-1/6/2022)."

Fast did not actually appeal the March 19, 2021 Determination until March 4, 2022. The Appeals Tribunal dismissed her appeal as untimely in an Order that indicated it was mailed to Fast on March 30, 2022. The Order contained a notice of appeal rights, stating that a written request for reconsideration must be filed within thirty days of the date the Order was mailed, making Fast's appeal of that Order due no later than April 29, 2022. In her brief, Fast argues that she was unable to "send an appeal" because she gave birth to her second child on March 6, 2022, and was on maternity leave with "no physical way to make it within 30 days."

The Legal File contains no written response by Fast to the Tribunal's Order until September 15, 2022, over four months after the appeal deadline, when Fast faxed a document entitled "Attention Appeals" and referred to as "Overpayment Waiver Determination Response" on the fax cover sheet directed to the Division. Fast's document argued the merits of her claim, mentioned her various contacts with the Division, but did not provide any explanation for her failure to timely appeal either the Division's original Determination or the Appeals Tribunal's Order.

The Commission treated Fast's September 15, 2022 document as an Application for Review of the March 30, 2022 Order of the Appeals Tribunal; the Commission dismissed Fast's application for review on November 3, 2022. Because Fast's document

3

was "neither postmarked nor received within thirty (30) days after the Appeals Tribunal order was mailed," the Commission stated that it had "no statutory authority to review the record of proceedings." Fast timely filed this appeal of the Commission's dismissal.

## Dismissal of Appeal

In her sole point on appeal, Fast argues that the Commission erred in dismissing her appeal as untimely because, even though her appeal was not filed within the requisite 30-day deadline, the Commission's dismissal "disregards [her] previous attempts of appeals sent in a timely manner." However, there is no evidence in the record of any timely written appeal by Fast from either the original Determination or the Appeals Tribunal's Order; the only evidence of any "previous attempts" to appeal is her claim that she spoke to Division representatives, on unspecified dates, about the merits of her claim and possible alternatives to the appeal process. We understand that Fast disagreed with the Determination and may have been confused about how to appeal. However, she filed nothing in writing to even begin the process within the statutory deadlines. Because Fast failed to timely appeal the Appeals Tribunal's Order, which led to the dismissal by the Commission, we have no choice but to dismiss her appeal.

"This court 'may only address the issues that were determined by the Commission and may not consider issues that were not before the Commission.'" *Boles v. Div. of Emp. Sec.*, 353 S.W.3d 465, 467 (Mo. App. W.D. 2011) (quoting *Chase v. Baumann Prop. Co.*, 169 S.W.3d 891, 892 (Mo. App. E.D. 2005)). The only issue before the Commission was the timeliness of Fast's appeal from the Appeals Tribunal's Order. Consequently, the timeliness of her appeal—not the merits of her claim—is the "only

4

issue[] we are permitted to review." *Ireland v. Div. of Emp. Sec.*, 390 S.W.3d 895, 899 (Mo. App. W.D. 2013).

Section 288.200[1] provides a strict 30-day deadline for appealing a decision of the Appeals Tribunal: "Any of the parties (including the division) to any decision of an appeals tribunal, may file with the commission within *thirty days* following the date of notification or mailing of such decision, an application to have such decision reviewed by the commission." § 288.200.1 (emphasis added). An application filed after the deadline is untimely, and "[t]he commission does not have statutory authority to accept untimely applications for review."[2] 8 C.S.R. § 20-4.010(6).[3]

Here, the Commission dismissed Fast's application for review as untimely, as Fast did not file it until September 15, 2022, well after the deadline of April 29, 2022. She mainly argues here, as she did below, the merits of her claim for benefits, which was not the issue before the Commission and which we cannot review on this appeal. At best, her argument on appeal "could be construed to be a challenge to the sufficiency of the evidence of a decision on the merits of [her] claim, a decision that the Commission did

---

[1] All statutory references are to the Revised Statutes of Missouri (2022), unless otherwise noted.

[2] Unlike the 30-day deadline to appeal a deputy's determination of benefits, which "may, for good cause, be extended" pursuant to § 288.070.10, there is no such provision in § 288.200 for extension of the deadline for appeals from a decision of the Appeals Tribunal. Even if good cause applied to extend the deadline here, the "[f]ailure to timely follow clear instructions provided in a notice due to simple oversight is not reasonable and does not constitute good cause for missing a procedural deadline." *Byers v. Hum. Res. Staffing, LLC*, 402 S.W.3d 605, 608 (Mo. App. E.D. 2013).

[3] All references to regulations are to the Missouri Code of State Regulations (2022), unless otherwise noted.

not make." *Walker v. Div. of Emp. Sec.*, 592 S.W.3d 384, 387 n.1 (Mo. App. W.D. 2020). Because Fast presents no evidence or argument as to why the Commission erred in finding her application for review untimely, her appeal must be dismissed.

**Conclusion**

Because Fast failed to timely appeal the dismissal of her application for review to the Commission, she has not presented an appealable issue for our review, and her appeal is dismissed.

_____
Karen King Mitchell, Judge

Mark D. Pfeiffer, Presiding Judge, and W. Douglas Thomson, Judge, concur.

6