

# In the Missouri Court of Appeals
# Eastern District

### DIVISION TWO

| | | |
|---|---|---|
| ENIZ POLJAREVIC, | ) | No. ED111381 |
| | ) | |
| Appellant, | ) | Appeal from the Labor and |
| | ) | Industrial Relations Commission |
| vs. | ) | |
| | ) | |
| DIVISION OF EMPLOYMENT SECURITY, | ) | |
| | ) | |
| Respondent. | ) | FILED: October 24, 2023 |

### Introduction

Eniz Poljarevic ("Poljarevic") appeals from the decision of the Labor and Industrial Relations Commission (the "Commission") affirming the Appeals Tribunal's dismissal of his appeal from the determination of the Division of Employment Security (the "Division") that he was overpaid Federal Pandemic Unemployment Compensation ("FPUC") benefits. In two points on appeal, Poljarevic contends that the Commission erred in affirming the overpayment determination because repayment would impose a financial hardship and because he was denied a telephone hearing. The Commission did not abuse its discretion or otherwise err in affirming the dismissal of Poljarevic's appeal because neither 8 C.S.R. 10-5.010(5)(C)[1] nor Section 288.380[2] allow for an extension of time for filing an appeal of an overpayment determination,

---

[1] All C.S.R. references are to the Mo. Code of State Regulations, tit. 8, sec. 10 (May 31, 2018).
[2] All Section references are to RSMo (2016).

even if good cause exists for the late filing. Accordingly, we affirm the decision of the Commission.

Factual and Procedural History

Poljarevic was formerly employed by Language Access Multicultural People, LLC. Between April 18, 2020 and November 28, 2020, Poljarevic received unemployment benefits pursuant to both Missouri Employment Security Law, RSMo Chapter 288, as well as FPUC under the Coronavirus Aid, Relief, and Economic Security Act of 2020 (the "CARES Act").

The Division sent Poljarevic two notices of overpayment determinations. The Division mailed an overpayment determination on May 10, 2022, stating Poljarevic was overpaid $2,478 in state unemployment benefits between April 18 and November 28, 2020, because he improperly reported wages due to unintentional error or omission in that he sought benefits during a period in which he worked and earned wages. The Division mailed a second overpayment determination on May 11, 2022, stating Poljarevic was overpaid $4,200 in FPUC between April 18 and May 30, 2020, because he received FPUC during the same period in which he improperly received state benefits. Both overpayment determinations stated that any appeal from the Division's determination of overpayment must be filed within thirty calendar days of the determination's mailing. The appeal windows for the overpayment determinations ended on June 9 and June 10, 2022, respectively.

Poljarevic filed his appeal from the Division's FPUC overpayment determination on September 7, 2022, approximately three months after the deadline to appeal expired. In his appeal, Poljarevic noted his unfamiliarity with the rules and guidelines of unemployment benefits and further asserted that asking him to repay the overpayments two years after receiving the benefits would result in financial hardship.

2

On October 3, 2022, the Appeals Tribunal dismissed the appeal as untimely.[3]  The Appeals Tribunal noted in its order that the period for appealing an overpayment determination may be extended where good cause is shown under Section 288.070.  On October 7, 2022, Poljarevic requested a telephone hearing to explain his good cause.  He acknowledged his appeal was untimely but explained that he was unable to learn of the determinations until he returned from an overseas trip during which he lacked mail and internet access.  On December 30, 2022, the Commission affirmed the Tribunal's dismissal due to the untimely filing of the appeal.  The Commission found that Poljarevic's allegations, even if true, would not support a finding that good cause existed to extend the deadline for filing the appeal.  This appeal follows.

### Points on Appeal

Poljarevic raises two points on appeal.  Point One argues the Commission erred in affirming the FPUC overpayment determination because repayment would impose extraordinary financial hardship.  Point Two contends the Commission erred in affirming the FPUC overpayment determination because the Appeals Tribunal improperly denied Poljarevic a telephone hearing in which he could have demonstrated that good cause excused his untimely appeal.

### Standard of Review

We review decisions of the Commission in employment matters pursuant to Section 288.210, which provides that we may modify, reverse, remand for rehearing, or set aside the decision of the Commission on the following grounds and no other: (1) the Commission acted without or in excess of its powers; (2) the decision was procured by fraud; (3) the facts found by

---

[3] The Division opened two appeals in response to Poljarevic's letter: one appeal from the FPUC overpayment determination, which is the subject of this appeal, and one appeal from the state benefits overpayment determination. The Appeals Tribunal dismissed both appeals as untimely.

3

the Commission do not support the award; or (4) there was no sufficient competent evidence in the record to warrant the decision. Section 288.210(1)–(4); Marx v. Div. Emp. Sec., 666 S.W.3d 252, 256 (Mo. App. E.D. 2023). "When the Commission adopts the decision of the Appeals Tribunal, like in the present case, we consider the Appeals Tribunal's decision to be that of the Commission for purposes of our review." Mujakic v. Div. Emp. Sec., 663 S.W.3d 501, 504 (Mo. App. E.D. 2023) (internal citation omitted).

"While this Court defers to the Commission on issues of fact—so long as they are supported by competent and substantial evidence—we owe no deference to the Commission's conclusions of law or application of the law to the facts, and review such issues de novo." Id. (internal quotation omitted). Indeed, "[w]here, as here, resolution depends solely on the construction and application of a statute or regulation, the case presents only an issue of law that this Court reviews de novo." Kline v. Div. Emp. Sec., 662 S.W.3d 175, 178 (Mo. App. E.D. 2023)[4] (citing Billings v. Div. Emp. Sec., 399 S.W.3d 804, 806 (Mo. banc 2013)).

Discussion

While Poljarevic acknowledges his appeal from the Division's FPUC overpayment determination was untimely, he reasons that because he had good cause for the late filing, he should have been granted an extension of the appeal filing period.

A claimant who receives unemployment benefits while the claimant is disqualified from receiving benefits may owe the Division for overpayment even if the overpayment was "by reason of any error or omission [on the part of the claimant] or because of a lack of knowledge of material fact on the part of the [D]ivision." Section 288.380.13. The claimant's appeal of such an overpayment determination under Section 288.380.13 shall be filed within thirty calendar

---

[4] See also Kline v. Div. Emp. Sec., 662 S.W.3d 158, 161 (Mo. App. E.D. 2023).

4

days of the date the determination was delivered in person or mailed to the claimant's last known address.  8 C.S.R. 10-5.010(5)(C).

A recurring conundrum is raised by this appeal, which has been recently addressed by this Court in multiple cases.  See, e.g., Marx, 666 S.W.3d at 258; Mujakic, 663 S.W.3d at 505; Kline, 662 S.W.3d at 179.  Although Section 288.070.10 permits the thirty-calendar day period in Section 288.070.6 for filing an appeal *of an initial ineligibility determination* to be extended for good cause, Missouri law provides no comparable extension for good cause in either 8 C.S.R. 10-5.010(5)(C) or Section 288.380 for filing an untimely appeal *of an overpayment determination* under Section 288.380.13.  Mujakic, 663 S.W.3d at 505 (citing Kline, 662 S.W.3d at 179).  For this reason, Poljarevic's good-cause arguments are unavailing, because even if grounds for good cause exist, neither the Division nor the Commission has the legal authority to grant an extension of time for an appeal of an overpayment determination.  See id.; see also Marx, 666 S.W.3d at 258.  We are constrained by the applicable law, which simply does not permit a good-cause exception for untimeliness in matters of overpayment determinations.  See Marx, 666 S.W.3d at 258.[5]

---

[5] The lack of a good-cause exception for overpayment determinations, while inconsistent with the relief allowed for filing appeals of eligibility determinations, is a matter of policy not within our jurisdiction or authority to address. The fact that the Commission has considered good cause in connection with untimely appeal filings in overpayment determinations suggests that it may be reasonable for those in authority to consider such an exception.  Indeed, as previously noted:

> [S]imply because something is legally correct does not make it fair.  See Harris v. Div. Emp. Sec., 292 S.W.3d 416, 419 (Mo. App. W.D. 2009) (stating, in another unemployment overpayment determination case: "Because of the statutory language there can be no quarrel with the result reached here today.  The result thus mandated, however, is totally devoid of any concept of fairness.") (Lowenstein, J., concurring).  We should not overlook the hardships facing pro se claimants as they navigate the daunting and complex apparatus that is the unemployment benefits process, particularly at a time when many claimants were also confronting a myriad of other complications tied to the COVID-19 pandemic.  In this spirit, we encourage the Division to continue to explore and implement policies to assist Claimant and those similarly situated.

Mujakic, 663 S.W.3d at 505.

5

When dismissing Poljarevic's untimely appeal, the Tribunal and the Commission both erroneously referred to a lack of good cause. As the Division notes in its responsive brief, this is not the first time the Commission mistakenly discussed good cause in connection with an untimely appeal of an overpayment determination. See id. The Commission's reference to good cause in its overpayment determination is a misstatement of the law; however, as this Court noted in Marx, although the Commission needlessly referred to a lack of good cause, the Commission nevertheless acted within its powers in dismissing the appeal as untimely pursuant to 8 C.S.R. 10-5.010(5)(C). See id. (internal quotation omitted) (noting "[a] Commission decision that reaches the right result will not be overturned because a wrong or insufficient reason was given for the ruling"). Therefore, because the Commission reached the proper result, we hold that the Commission did not err in affirming the Tribunal's decision to dismiss Poljarevic's untimely appeal under Section 288.210. See id. Points One and Two are denied.

### Conclusion

The decision of the Commission is affirmed.

_____
KURT S. ODENWALD, Presiding Judge

Michael E. Gardner, J., concurs.
Renée D. Hardin-Tammons, J., concurs

6