

# In the Missouri Court of Appeals
# Eastern District
## DIVISION TWO

| | | |
|---|---|---|
| MICHAEL C. SCHMIDT, | ) | No. ED112598 |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | Labor and Industrial |
| | ) | Relations Commission |
| DIVISION OF EMPLOYMENT | ) | |
| SECURITY, | ) | |
| | ) | |
| Respondent. | ) | Filed: February 25, 2025 |

Before Lisa P. Page, P.J., Rebeca Navarro-McKelvey, J., and Thomas N. Chapman, Sp. J.

## OPINION

Michael C. Schmidt (Claimant) appeals from a March 21, 2024 decision by the

Department of Labor and Industrial Relations Commission (Commission), affirming and

adopting the Appeals Tribunal's decision finding he was overpaid $4,900 in regular

unemployment benefits.  We reverse.

## Background

The issue in this case is premised on a unique, singular set of circumstances created in

2020 by a world-wide pandemic, originally and aptly named the Novel Coronavirus.  Claimant

was paid $4,900 in unemployment benefits from April 5, 2020 through August 29, 2020.  Ten

months later, in February 2021, a deputy for the Division of Employment Security (Division)

issued a determination disqualifying him from receiving benefits because he voluntarily left

work without good cause.  In October 2021 Claimant's determination was affirmed by the

Appeals Tribunal. Claimant did not file an application for review of that decision to the Commission.

On May 16, 2022, fifteen months after his initial disqualification and over two years after he first applied for benefits, the Division mailed Claimant notice of its determination that he was overpaid unemployment benefits because he was disqualified for those four months in 2020. Claimant immediately mailed a letter requesting reconsideration to the Appeals Tribunal. The letter referenced both the October 2021 Appeals Tribunal disqualification and the subsequent overpayment determination. The Commission construed the letter as an application for review of the October 2021 Appeals Tribunal decision regarding Claimant's disqualification and dismissed the application as untimely.

Claimant appealed the Commission's decision to our court. *Schmidt v. Ritter Horticultural Srvs., Inc.*, 678 S.W.3d 134, 135 (Mo. App. E.D. 2023) (*Schmidt I*). We held the letter was an appeal from the overpayment determination rather than the disqualification, which was final and not subject to appeal. *Id*. Thus, the dismissal was reversed and remanded for further proceedings regarding the overpayment. *Id.* at 138.

After a hearing on the specific issue of whether Claimant was overpaid benefits pursuant to Section 288.380 RSMo (2016),[1] the Appeals Tribunal found he was overpaid $4,900 in regular unemployment benefits during a period of disqualification. The Commission adopted and affirmed the determination as "fully supported by competent and substantial evidence on the whole record and it is in accordance with the relevant provisions of the Missouri Employment Security Law." This appeal follows.

---

[1] All further statutory references are to RSMo (2016).

**Discussion**

Claimant raises five points on appeal. In his third point, Claimant alleges the Commission's decision regarding overpayment was not supported by substantial evidence pursuant to Section 288.210. Our review of this point is dispositive, thus we do not consider Claimant's remaining points on appeal.

*Standard of Review*

Our review of the Commission's decision regarding unemployment benefits is governed by Section 288.210. We may modify, reverse, remand, or set aside the decision only under the following circumstances: (1) the Commission acted without or in excess of its powers; (2) the decision was procured by fraud; (3) the facts found by the Commission do not support the award; or (4) there was no sufficient competent evidence in the record to warrant the making of the award. Section 288.210.

We defer to the Commission on all factual issues that are supported by competent and substantial evidence, but owe no deference to its conclusions of law or application of law to the facts. *Chavis v. Wal-Mart Assocs., Inc.*, 646 S.W.3d 703, 705 (Mo. App. E.D. 2022) (internal citation omitted). Without substituting our own judgment for that of the Commission, we must reverse the Commission's decision if after review of the record as a whole we find it is not supported by competent and substantial evidence. *Wattree v. Div. of Emp't Sec.*, 698 S.W.3d 471, 477 (Mo. App. W.D. 2024) (internal citations omitted). This approach allows us the appropriate measure of deference to the agency as fact finder, while still adhering to "the independent responsibility entrusted to the judiciary by the people of Missouri" in the constitution. *Id*.

*Analysis*

In his third point on appeal, Claimant argues the Commission's overpayment decision was not supported by substantial evidence. Here, the Appeals Tribunal took administrative notice of the deputy's determination that Claimant was disqualified from benefits from April 5, 2020, to August 29, 2020, because he voluntarily left work without good cause attributable to the work or employer, which Claimant did not timely appeal. *Schmidt I*, 678 S.W.3d at 135. We agree with the Division that the substance of that disqualification determination is not subject to our review in this matter. *See Harris v. Div. of Emp't Sec.*, 292 S.W.3d 416, 418-19 (Mo. App. W.D. 2009) (internal citation omitted). However, Claimant takes no issue with the substantive validity of the disqualification, rather his argument challenges the deputy's ten-month delay in reaching that determination and asserts he was paid significant additional benefits as a result of this procedural delay. Thus, the sole issue before this court is the proper calculation of his overpayment.

When a claimant files an application for and is awarded unemployment benefits, a deputy "shall *promptly* examine each initial claim and make a determination" of the claimant's status and "*promptly* notify" the claimant. Section 288.070.4 and .5 (emphasis added). Because the statute does not define "promptly," we look to the dictionary to determine its meaning. *Boles v. City of St. Louis*, 690 S.W.3d 592, 601 (Mo. App. E.D. 2024) (in absence of statutory definition, the plain and ordinary meaning of the term may be derived from the dictionary); *Rhoden v. Missouri Delta Med. Ctr.*, 621 S.W.3d 469, 480 (Mo. banc 2021). The institutional dictionary of choice, Webster's Third New International Dictionary, defines "promptly" as: "in a prompt manner: at once: IMMEDIATELY, QUICKLY." *Webster's Third New Int'l Dictionary of the English Language* 1816 (3d ed. 2002) (emphasis in original).

4

Once a deputy "promptly" determines a claimant is paid benefits to which he was not entitled, the Division is empowered to collect those benefits. Section 288.381.1. As relevant to this case, the manner in which the Division is to proceed is set forth in Section 288.380.13. The statute states that where a claimant receives benefits while disqualified shall be liable for such sums "after an opportunity for a fair hearing. . . ."

Here, at the overpayment hearing, Claimant raised the issue of the significant delay between the time he filed his claim for benefits in April 2020, and the deputy's determination he was disqualified from receiving those benefits approximately ten months later in February 2021. Claimant asserted that delay caused most of the overpayment amount and a prompt determination – as the statute mandates – would have resulted in an overpayment much less than the $4,900 the Division seeks to recoup. No evidence was presented in response to Claimant's procedural challenge. Instead, the Referee conceded "normally, it's normally, it wouldn't have happened like that but with the – it's because it was during the pandemic and – and, so, everything was backed up and, uh, that's why it would've been like – like that."

We are sympathetic to what must have been an enormous burden imposed on the Division during the pandemic, but we do not find these challenges excuse the Division from complying with its statutory mandate to "promptly examine each initial claim." Section 288.070.4. During the same time period, the Division continued to hold claimants to exacting standards, strictly enforcing the timeliness requirements for unemployment claimants, often resulting in the dismissal of claims for benefits. *See Dewes v. Div. of Emp't Sec.*, 660 S.W.3d 489, 494 (Mo. App. W.D. 2023) (no good cause exception for untimely application for review with the Commission and dismissal was proper). But here the Division certainly did not hold itself to the same stringent standards it imposed upon claimants.

5

The Division failed to comply with its own statutory procedural requirements which mandate "prompt" determination of the claim and "prompt" notification to Claimant of his status. No one can reasonably construe a ten-month procedural delay as acting within the dictionary definition of prompt as "in a prompt manner: at once: IMMEDIATELY, QUICKLY." *Webster's Third New Int'l Dictionary of the English Language* at 1816. During the hearing to recoup the overpayment, the Division failed to present any evidence in response to Claimant's challenge to how much he owed because of its failure to promptly determine he was not entitled to benefits. Merely blaming the pandemic as an excuse for the failure to comply with the statute is not evidence of how much Claimant was overpaid. As a result, we agree with Claimant's assertion there is no substantial evidence to support the overpayment calculation.

Yet again, we find the Division's errors in this case depict "a familiar series of unfortunate events that this Court continues to observe in unemployment cases in which claimants, typically unrepresented, are subject to the Division's confusing procedures and communications practices." *Dickerman v. Amazon.com, Inc.*, 689 S.W.3d 559, 565 (Mo. App. E.D. 2024); *see also Ramirez v. Div. of Emp't Sec.*, 697 S.W.3d 132, 141 (Mo. App. W.D. 2024). These "unfortunate events" were further compounded for claimants when they were required to "navigate the daunting and complex apparatus that is the unemployment benefits process, particularly at a time when many claimants were also confronting a myriad of other complications tied to the COVID-19 pandemic." *Mujakic v. Div. of Emp't Sec.*, 663 S.W.3d 501, 505 (Mo. App. E.D. 2023).

In this matter, if we permit the Division to rely on Claimant's initial disqualification and then plead the pandemic to excuse its failure to comply with the law, we would effectively abrogate both the holding in *Schmidt I* and the statutory provisions governing overpayment and

affording claimants the opportunity for a fair hearing.  *See* Sections 288.381 and 288.380.13; *Schmidt I*, 678 S.W.3d at 138.  This we cannot do.  In reviewing the record as a whole we find the Division simply relied on the disqualification itself, and presented no evidence in the overpayment proceeding to establish what the Referee characterized as "normal" timing for a deputy to make a ***prompt*** disqualification determination to properly calculate Claimant's overpayment.

In conclusion, we find there was no evidence in the record before us to support the overpayment decision.  As a result, neither the Appeals Tribunal nor the Commission could have rendered a decision authorized by law.  *See* Section 288.190.2 and *Boyd v. Div. of Emp't Sec.*, 687 S.W.3d 44, 50 (Mo. App. E.D. 2024) (internal citation omitted); *see also Chavis*, 646 S.W.3d at 705.  We reverse the decision of the Commission.

**Conclusion**

The decision of the Commission is reversed.

_____
Lisa P. Page, Presiding Judge

Rebeca Navarro-McKelvey, J., and
Thomas N. Chapman, Sp. J. concur.